2005 ME 30

**J. Russell TARASON**

v.

**TOWN OF SOUTH BERWICK et al.**

Supreme Judicial Court of Maine.

Argued: Jan. 12, 2005.
Decided: Feb. 23, 2005.

William H. Dale, Esq. (orally), Jensen Baird Gardner & Henry, Portland, for plaintiff.

Joan M. Fortin, Esq. (orally), Bernstein, Shur, Sawyer & Nelson, P.A.; Portland, for defendants.

Panel: SAUFLEY, C.J., and CLIFFORD, RUDMAN, DANA, ALEXANDER, CALKINS and LEVY, JJ.

RUDMAN, J.

[¶ 1] J. Russell Tarason appeals from a judgment entered in the Superior Court (York County, *Brennan, J.*) affirming the decision of the South Berwick Zoning Board of Appeals (ZBA), which in turn upheld an order of the Code Enforcement Officer (CEO) requiring Tarason to discontinue the use of a third dwelling unit in Tarason's apartment building. Tarason contends that (1) the Town failed to timely appeal from the issuance of his plumbing and building permits; (2) he was denied a hearing prior to the ZBA declining reconsideration of its decision; and (3) the Town is equitably estopped from bringing an enforcement action against him. We disagree and affirm the judgment.

## I. BACKGROUND

[¶ 2] In February 1999 J. Russell Tarason purchased a two family building located at 77 Norton Street in South Berwick. Tarason sought to renovate the building to create an additional living unit. Because the dimensional requirements in his zoning district did not permit three units, Tarason sought a zone change, which was denied in March 2000.

[¶ 3] While the South Berwick Planning Board was considering the zone change request, Tarason began to renovate the property for use as a three-family building, and sought several building permits from the Town. In January 2000 Tarason ap-

plied for and was granted a plumbing permit. In July 2000 he obtained a building permit to construct a "second floor deck" for the apartments and "handicap access." Finally, in June 2001 Tarason obtained a building permit to demolish an existing shed on the property. None of Tarason's applications indicated that he would be constructing three separate residential units.

[¶ 4] In October 2002 the current CEO became aware of Tarason's three units. The CEO issued a letter to Tarason stating that he was in violation· of the zoning ordinance and, as a result, one of the units in his building had to be vacated. After various attempts to resolve the issue failed, Tarason filed an administrative appeal to the ZBA, challenging the CEO's determination that the use of the building was in violation of the zoning ordinance.

[¶ 5] The ZBA held a public hearing in February 2003 regarding Tarason's appeal. The ZBA heard from witnesses, considered evidence, and made factual findings, after which, the ZBA upheld the decision of the CEO. Tarason subsequently requested that the ZBA reconsider its decision. Tarason indicated that the prior CEO, who issued him the building permits, was unable to attend the February hearing, and his testimony would be useful in the disposition of the case. The ZBA denied Tarason's request and indicated that Tarason could have presented the prior CEO's testimony at the February hearing. Tarason appealed to the Superior Court pursuant to M.R. Civ. P. 80B. The Superior Court affirmed the decision of the ZBA. Tarason now appeals from the Superior Court's decision.

## II.  DISCUSSION

[¶ 6] Because the ZBA conducted a hearing, heard testimony, considered evidence, and made factual findings, its determination is "the operative decision of the municipality," and we review its decision directly for errors of law, an abuse of discretion, or findings not supported by the record. *Stewart v. Town of Sedgwick,* 2000 ME 157, ¶ 4, 757 A.2d 773, 775; *see Malonson v. Town of Berwick,* 2004 ME 96, ¶ 5, 853 A.2d 224, 226. In reviewing the ZBA's decision, we may not make any findings other than those found explicitly or implicitly by the ZBA, and may not substitute our own judgment for the ZBA. *See Perrin v. Town of Kittery,* 591 A.2d 861, 863 (Me.1991). As the party with the burden of proof, Tarason has the burden of showing that the record evidence compels a contrary conclusion. *See Twigg v. Town of Kennebunk,* 662 A.2d 914, 916 (Me. 1995); *Boivin v. Town of Sanford,* 588 A.2d 1197, 1199 (Me.1991).

### A.  Untimely Appeal

[¶ 7]· Tarason argues that the Town failed to appeal the issuance of various building and plumbing permits to the ZBA. Tarason contends that the CEO's enforcement actions constitute an untimely appeal from the prior issuance of the permits, and the ZBA lacked jurisdiction to hear the appeal. The Town counters that Tarason failed to raise this issue before the ZBA and, therefore, cannot raise the issue for the first time on appeal.

[¶ 8] The Town is correct. Tarason's rather unique claim that the CEO's enforcement actions were an appeal of the previous CEO's actions in· issuing the building and plumbing permits should have been raised before the ZBA. Because this claim was not raised before the ZBA, Tarason has failed to preserve it. *See New England Whitewater Ctr., Inc. v. Dep't of Inland Fisheries and Wildlife,* 550 A.2d 56, 58 (Me.1988).

## B. Reconsideration of ZBA Decision

■ [¶ 9] Tarason argues that the Superior Court erred in failing to recognize his right to a notice and a hearing in a proceeding in which his property rights were at stake. The Town counters that the respective zoning ordinance and statutory law state that rehearings of appeals are discretionary with the ZBA, and Tarason did not present sufficient new evidence to mandate a rehearing.

■ [¶ 10] The ZBA will hold rehearings either upon the agreement of the parties, or if the appellant can demonstrate sufficient new evidence. The South Berwick zoning ordinance states, in relevant part:

> Rehearings. The Zoning Board of Appeals may decide to rehear an appeal only if all parties to the original appeal agree, in writing, to a rehearing or if the appellant can demonstrate to the satisfaction of the Zoning Board of Appeals that they have sufficient new evidence to present of a type which would constitute a new appeal or if there has been a change in the chapter which affects the appeal. *Id.*

[¶ 11] The relevant statute governing boards of appeals also takes a discretionary approach towards rehearings:

> The board may reconsider any decision reached under this section within 30 days of its prior decision. A vote to reconsider and the action taken on that reconsideration must occur and be completed within 30 days of the date of the vote on the original decision. The board may conduct additional hearings and re-

ceive additional evidence and testimony as provided in this subsection.

30–A M.R.S.A. § 2691(3)(F) (1996).[1]

[¶ 12] Neither the Town's ordinance nor the statute require that, as a matter of right, Tarason be permitted a rehearing of his appeal. Tarason did have an opportunity for a hearing before the ZBA. Whether the ZBA permitted a rehearing or not was entirely discretionary. *See Crispin v. Town of Scarborough*, 1999 ME 112, ¶ 22, 736 A.2d 241, 248 (rejecting argument that party had a right to be heard at a reconsideration meeting of the Town Council). Contrary to his contentions, the ZBA did not commit any error when it denied Tarason's request for a rehearing.

## C. Equitable Estoppel

■ [¶ 13] Because the Town ordinance does not grant the ZBA equitable jurisdiction to apply the estoppel doctrine, we review the Superior Court's decision on this issue. *See, e.g., Berry v. Bd. of Trs., Me. State Ret. Sys.*, 663 A.2d 14, 19 (Me. 1995). Tarason asserts that the Town should be equitably estopped from bringing an enforcement action against him because the Town, through its former CEO, knew about his plan to convert the building and install three units, and issued him numerous building and plumbing permits, upon which he relied. The Town argues that equitable estoppel can be used only as an affirmative defense, and Tarason cannot establish all of the necessary elements.

■ [¶ 14] We review the Superior Court's application of equity principles for a sustainable exercise of discretion. *See Bates v. Dep't of Behavioral and Dev. Servs.*, 2004 ME 154, ¶ 38, 863 A.2d 890, 901; *Salisbury v. Town of Bar Harbor,*

1. The law governing the procedure of the boards of appeals was amended, effective July 30, 2004, by P.L.2003, ch. 635, § 1, subsec. 3. The events in this case occurred before the change in the law.

2002 ME 13, ¶ 9, 788 A.2d 598, 601. "When reviewing an equitable estoppel claim, we review the totality of the circumstances, including the nature of the government official or agency whose actions provide the basis for the claim and the governmental function being discharged by that official or agency." *Kittery Retail Ventures, LLC v. Town of Kittery,* 2004 ME 65, ¶ 34, 856 A.2d 1183, 1194 (quotation mark omitted).

[¶ 15] For an equitable estoppel claim to succeed, Tarason must establish that (1) the statements or conduct of the CEO induced him to act; (2) the reliance was detrimental; and (3) his reliance was reasonable. *See Kittery Retail Ventures, LLC,* 2004 ME 65, ¶ 34, 856 A.2d at 1194; *F.S. Plummer Co., Inc. v. Town of Cape Elizabeth,* 612 A.2d 856, 860 (Me.1992). Furthermore, because Tarason seeks to prevent the enforcement of a zoning ordinance, he bears a significant burden. *See F.S. Plummer Co., Inc.,* 612 A.2d at 856; *City of Auburn v. Desgrosseilliers,* 578 A.2d 712, 715 (Me.1990).

[¶ 16] We have previously held that equitable estoppel "can be asserted against a municipality only as a defense and cannot be used as a weapon of assault." *Buker v. Town of Sweden,* 644 A.2d 1042, 1044 (Me. 1994) (quotation mark omitted). In this case, the Town did not bring an enforcement action against Tarason. It merely stated that the use of Tarason's property was in violation of the Town's ordinance. Tarason appealed this decision to the ZBA, the Superior Court, and finally to this Court. Consequently, the Superior Court correctly concluded that Tarason cannot affirmatively estop the Town from bringing an enforcement action against him.

[¶ 17] The Superior Court continued its analysis and concluded that even if it considered Tarason's equitable estoppel claim, it was without merit. When he purchased the property, Tarason knew he could only have two residential units in the building. Realizing that he could only have two units on his property, Tarason applied for a zone change. His application was denied. None of Tarason's building and plumbing applications state that his building would contain three residential units. While Tarason's construction work was underway, he possessed full knowledge that his property could be used for only two units. As a result, the court was well within its discretion when it found that Tarason could not formulate a valid equitable estoppel defense.

The entry is:

Judgment affirmed.