STATE OF MAINE

YORK, ss.

SUPERIOR COURT
CIVIL ACTION
DOCKET NO. AP-03-060

FLOWER COMPANY
PROPERTIES, INC., et al.,

Plaintiffs

v.

**ORDER**

TOWN OF KITTERY, et al.,

Defendants

This case comes before the Court on Petitioners Flower Company Properties, Inc. and Jacquelyn Nooney's 80B Appeal.

**FACTS**

Flower Company Properties, Inc. and Jacquelyn Nooney (Petitioners) occupy two adjacent pieces of property at 18 and 22 Stevenson Road in Kittery, Maine. On March 9, 1994, Petitioners were granted a special use exception to conduct a landscaping business at 22 Stevenson Road, subject to five conditions imposed by the Kittery Zoning Board of Appeals (ZBA). The Kittery Planning Board added six conditions to its site approval on May 12, 1994. The following year, Petitioners obtained a building permit from the Town of Kittery (the Town) to construct the first of three greenhouses on the property. A permit for a second greenhouse was issued in 1997.

In 2000, Petitioners purchased adjacent property at 18 Stevenson Road. The following year, they were issued a permit to build an 88' x 27' greenhouse on that property. In November 2002, Petitioners asked the ZBA to amend the 1994 conditions imposed on 22 Stevenson Road, to allow additional employees at the site, and to allow

the storage and use of chemicals "to control insects on my greenhouse crops." In the course of hearing that request, the ZBA heard from neighbors and abutters who objected to Petitioners' apparent violations of the 1994 use conditions. The ZBA also heard testimony from Petitioners about how they had been unable to comply with the conditions imposed on their rapidly growing landscaping business. In January 2003, Petitioners withdrew their request to amend conditions, stating they were moving the landscaping business to another town. However, in March 2003, the Town Code Enforcement Office (CEO) found petitioners, by their own admission, to be in violation of the 1994 special exception conditions and to be continuing to operate the landscaping business on the property. Petitioners were also in violation of Town noise ordinances because of fans installed in the 18 Stevenson Road greenhouse.

Neighbors continued to be concerned about what appeared to be Petitioners' violations of the 1994 conditions, and the noise from the greenhouse fans at 18 Stevenson Road. In June 2003, the CEO told Petitioners that the Town had not approved the operation of any business at 18 Stevenson Road. In a separate letter, the CEO concluded Petitioners had move a portion of the landscaping business elsewhere and were in violation of one condition of use, concerning the storage and use of chemicals on the property. This decision was appealed to the ZBA by abutters who believed Petitioners were in violation of many more conditions than one.

On August 26, 2003, the ZBA heard the abutters' administrative appeal and overturned the CEO, finding Petitioners out of compliance with four of the five 1994 conditions of use imposed by the ZBA. Petitioners appealed that decision in the Superior Court pursuant to Rule 80B, claiming they had been unfairly denied an opportunity to appear and be heard at the ZBA administrative appeal. On July 12,

2

2004, this Court remanded the case to the ZBA for rehearing to allow Petitioners an opportunity to appear and argue their case.

On September 14, 2004, on remand, the ZBA concluded that Petitioners were in violation of all five of the 1994 conditions of use imposed on 22 Stevenson Road by the ZBA, and that Petitioners had no approval of any kind for conducting a wholesale plant business out of 18 or 22 Stevenson Road. On January 18, 2005, Petitioners appealed that decision pursuant to Maine Rule 80B.

## DISCUSSION

When a Zoning Board of Appeals has conducted a hearing, heard testimony, considered evidence, and made factual findings concerning the decision of the Code Enforcement Officer, its determination is "the operative decision of the municipality." *Tarason v. Town of South Berwick*, 2005 ME 30, ¶ 6, 868 A.2d 230, __; 30-A M.R.S.A. § 2691(3)(D), Kittery Land Use Code 16.04.050 (B)(2). The Superior Court, acting in its intermediate appellate capacity, reviews the record of the proceedings before the municipal agency for abuse of discretion, errors of law, or findings unsupported by substantial evidence. *Priestly v. Town of Hermon*, 2003 ME 9, ¶ 6, 814 A.2d 995, 997; M.R. Civ. P. 80B(f). This Court will affirm the decision of the ZBA unless it is arbitrary, capricious, or unreasonable. *Senders v. Town of Columbia Falls*, 647 A.2d 93, 94 (Me. 1994). The burden is on the plaintiff to prove that, based on evidence in the record, the ZBA should have reached a different conclusion. *Britton v. Town of York*, 673 A.2d 1322, 1325 (Me. 1996). When, as here, the Superior Court remands the case for further proceedings, all issues raised on the Superior Court's initial review of the governmental action are preserved in a subsequent appeal. M.R. Civ. P. 80B(m).

Petitioners argue first that the ZBA improperly found them in violation of restrictive conditions of use that apply to the landscaping business only, and not to the

3

bedding plant business. Petitioners claim the landscaping business has moved off site and cannot be found in violation. Because Petitioners' property is zoned for agriculture, they argue, the greenhouse activities and bedding plant business are permissible. Second, Petitioners argue that the Town is equitably estopped from objecting to activities connected to the greenhouses after the Town issued permits for their construction upon which Petitioners reasonably relied. Finally, Petitioners argue that the ZBA violated Petitioners' due process protections when the ZBA's decision failed to adequately reflect the "Factors for Consideration" listed in Town Land Use ordinance 16.24.060.

## I. Ordinance violations.

### a. Violation of the Special Exception Conditions.

Here the record shows that the Town imposed eleven conditions of use upon Petitioners' landscaping business at 22 Stevenson Road in 1994. Pet. App. A, B. The record offers ample evidence from abutters and from Petitioners' own admissions, that Petitioners were violating prohibitions on retail sales, signs, chemical use and storage, odors, outdoor equipment storage, and hiring more than three employees, to the extent that Petitioners continued to operate a landscaping business at 22 Stevenson Road. Pet. App. A, B. In 2002, Petitioners themselves considered their pesticide use in the 22 Stevenson Road greenhouses to be subject to the 1994 conditions in their request for relief from those conditions. However, to the extent Petitioners activities took place after the landscaping business was no longer located at 22 Stevenson Road, or took place at 18 Stevenson Road, Petitioners cannot not be found in violation of the 1994 conditions of use, and such a finding would be clear error on the part of the ZBA. Although the record is unclear about when or if the Petitioners removed the landscaping business, the ZBA's decision will not be vacated simply because the record

4

is unclear. *See, e.g., Twigg v. Town of Kennebunk,* 662 A.2d 914, 916 (Me. 1995). The record shows that the CEO concluded the landscaping business had not been moved as of March 19, 2003, and had been partially moved on June 13, 2003. The ZBA findings of September 17, 2004, show Petitioners' testified that the business had been completely removed from the site and the ZBA drew their own conclusions from that testimony. *Twigg v. Town of Kennebunk,* 662 A.2d 914, 916 (Me. 1995)(finding the Board's decision is not wrong because a different conclusion could be drawn from it.) Thus Petitioners have not met their burden of showing that no factual evidence supports the ZBA's finding that Petitioners were operating a landscaping business at 22 Stevenson Road in violation of the 1994 conditions of use, and that contrary evidence compels a finding in Petitioners' favor. *Perrin v. Town of Kittery,* 591 A.2d 861, 863 (Me. 1991). The decision of the ZBA will be affirmed.

### b. Bedding plant business.

The undisputed record on appeal shows that Petitioners have no approval from the ZBA or the Town Planning Board to operate a commercial bedding plant business at either 18 or 22 Stevenson Road. However, both parcels have been zoned as Rural Residential, which allows, with inapplicable exceptions, "Any agricultural building and use." Kittery Land Use Code § 16.12.040(B)(4). "Agriculture" is defined elsewhere in the Code to include the "production, keeping and maintenance for sale" of plants, including "ornamental and greenhouse products." *Id.* at § 16.08.020. Thus, Petitioners' production and maintenance of bedding plants in greenhouses on 18 and 22 Stevenson Road clearly falls within the "Permitted Use" and the definition of "Agriculture" provisions of the Town Code. Any interpretation of the Code as not permitting the production, keeping and maintenance of ornamental plants and greenhouse products for later sale at 18 and 22 Stevenson Road would clearly be in error.

5

However, the use of Rural Residential property for on-site commercial sales is not a Permitted Use, and therefore requires additional Town approval. Kittery Land Use Code § 16.12.040(B). The ZBA's conclusion that Petitioners were conducting commercial bedding plant sales at 18 and 22 Stevenson Road without Town approval in violation of Town ordinances is supported by competent evidence, and must be affirmed. *Thacker v. Konover Dev. Corp.*, 2003 ME 30, ¶ 14, 818 A.2d 1013, 1019 (agency's interpretation of a statute administered by it will be given great deference and upheld unless the statute plainly compels a contrary result).

## III. Estoppel

The doctrine of equitable estoppel states that "a party (1) who is guilty of a misrepresentation of existing fact, including concealment, (2) upon which the other party justifiably relies, (3) to his injury, is estopped from denying his utterances or acts to the detriment of the other party." *Chrysler Credit Corp. v. Bert Cote's L/A Auto Sales*, 1998 ME 53, ¶ 25, 707 A.2d 1311, 1318 (citation omitted). The ability of a party to assert an estoppel defense against the government is limited depending upon the "totality of the circumstances involved, including the nature of the government official or agency whose actions provide the basis for the claim and the governmental function being discharged by that official or agency." *F.S. Plummer Co. v. Town of Cape Elizabeth*, 612 A.2d 856, 861 (Me. 1992). Those seeking to restrict enforcement of municipal zoning ordinances face "forceful policy reasons" that militate against such restrictions. *Kittery Retail Ventures v. Town of Kittery*, 2004 ME 65, ¶ 34, 856 A.2d 1183, 1194.

Here, Petitioners argue that, in approving building permits for the construction of four greenhouses at 18 and 22 Stevenson Road, the Town implicitly approved the use of pesticides and operation of a commercial bedding plant business in those greenhouses. Because Petitioners relied to their detriment on the Town's implicit

6

approval, the Town is now estopped from objecting to Petitioners conducting their business or using pesticides there.

Here, Petitioners are unable to prevail on the merits of their estoppel argument. Petitioners offer no evidence that the Town, in issuing building permits for greenhouses, misrepresented or concealed the need for additional approval to operate a business on land zoned as Rural Residence. Indeed, Petitioners were familiar with the need for obtaining such approval from their efforts to operate their landscaping business out of the Rural Residence zone. Petitioners were likewise on notice that approval might be needed before pesticides could be used in a commercial operation on such property, after special conditions were imposed in their other commercial undertaking. Petitioners do not suggest that Town employees misinformed them or concealed information in the course of issuing the building permits. Nor do Petitioners suggest that the Town made representations of any kind approving the start of an additional business at either 18 or 22 Stevenson Road.

However, even if Petitioners had some hope on the merits of their estoppel argument, the Law Court has expressly held that equitable estoppel cannot, as here, be used to affirmatively block enforcement of municipal ordinances. *Tarason v. Town of S. Berwick*, 2005 ME 30, ¶ 16, 868 A.2d __(citing *Buker v. Town of Sweden*, 644 A.2d 1042, 1044 (Me. 1994))(affirming "that equitable estoppel can be asserted against a municipality only as a defense and cannot be used as a weapon of assault.") *Id.*

Because Petitioners may not prevail in an offensive use of equitable estoppel, the decision of the ZBA finding Petitioners in violation of Town ordinances for failure to obtain approval to conduct commercial bedding plant sales at 18 and 22 Stevenson Road should be affirmed.

7

## IV. Due Process.

Petitioners finally argue that the ZBA failed to frame its findings and conclusions in terms of the "Factors for Consideration" included in its ordinances. Kittery Land Use Code 16.24.060. This failure to explicitly express and apply standards in the ordinance deprived Petitioners of due process of law.

Here Petitioners must overcome a significant presumption that agency actions were taken with full knowledge of the facts and law. *Driscoll v. Gheewalla*, 441 A.2d 1023, 1030 (Me. 1982). The "Factors for Consideration" cited by Petitioners refer to proposed property use, not violations, and apply to ZBA decisions granting or denying variances, special exceptions, and other decisions affecting land use. The record on appeal shows that here, the ZBA heard an administrative appeal concerning whether Petitioners were in violation of the special use conditions imposed in 1994, or of other ordinances, in their operation of their businesses at 18 and 22 Stevenson Road. No additional uses or use conditions for 18 and 22 Stevenson Road, subject to these "Factors for Consideration," were proposed or considered at that administrative appeal, and Petitioners were not deprived of due process by the ZBA's failure to articulate them.

## CONCLUSION

The decision of Respondent Town of Kittery's Zoning Board of Appeals will be affirmed to the extent that any violations of 1994 conditions found are applied only to the Petitioners conduct of a landscaping business at 22 Stevenson Road. The decision of Respondent Town of Kittery's Zoning Board of Appeals finding additional violations at 18 or 22 Stevenson Road will be affirmed, to the extent the violations are for uses other than the expressly allowable agricultural uses, including "the production, keeping or

8

maintenance for [off premise] sale" of plants, including "ornamental and greenhouse products" as permitted in Rural Residence zones.

The clerk may incorporate this order in the docket by reference.

Dated:     May 5, 2005

G. Arthur Brennan
Justice, Superior Court


PLAINTIFF:
Gregory Orso, Esq.
ERWIN OTT CLARK & CAMPBELL
PO BOX 545
YORK ME   03909

DEFENDANT:
Duncan McEachern, Esq.
MCEACHERN & THORNHILL
PO BOX 360
KITTERY ME   3904