STATE OF MAINE                                        SUPERIOR COURT
CUMBERLAND, ss.                                       CIVIL ACTION
                                                     Docket No. AP-08-4

JOSEPH B. P. COFFEY, et al.,

          Plaintiffs,

     v.                                               ORDER

TOWN OF WINDHAM,

          Defendant.

Before the court is an appeal by Joseph B. P. Coffey, Joseph B. Coffey, and Sean Coffey from a decision by the Windham Board of Appeals upholding the Windham Code Enforcement Officer's ruling that waterfront lots on Little Sebago Lake belonging to Joseph B. P. Coffey and Sean Coffey violate the shoreland zoning ordinance because those two lots do not contain the minimum 200 feet of shore frontage.

Joseph B. P. Coffey has owned property on the Mt. Hunger Shore Road in Windham since approximately 1986. The property initially consisted of one lot. On January 7, 1994 Joseph B. P. Coffey divided his lot and deeded the southern portion of the lot to his father, Joseph B. Coffey. Since November 25, 1993 the Windham Shoreland Zoning ordinance has contained a 200-foot shore frontage requirement. However, the parcel conveyed to Joseph B. Coffey only had approximately 153 feet of shore frontage.

Joseph B. Coffey subsequently conveyed the deeded parcel to his son Sean Coffey. As a result, the two Coffey brothers now own the two lots created from the original lot owned by Joseph B. P. Coffey. There is a house on the Joseph B. P. Coffey lot, but the Sean Coffey lot is unimproved.

On September 28, 2007 the Windham Code Enforcement Officer sent letters to Joseph Coffey and to Sean Coffey[1] informing them that it had come to the Town's attention that one or more illegal lots had been created by the January 1994 conveyance. In letters from Joseph B. Coffey, plaintiffs responded with an argument that the Town was time-barred or estopped from enforcing the minimum shore frontage requirement in this case. Plsintiffs then appealed the Code Enforcement Officer's interpretation to the Windham Board of Appeals. The latter upheld the Code Enforcement Officer's decision on December 20, 2007, and plaintiffs then brought this appeal.

At the outset the court notes that its review of the file indicates a question as to whether Joseph B. Coffey can properly represent his sons. The original complaint has one signature line – for Joseph B. P. Coffey, Joseph B. Coffey, and Sean Coffey. Although there are three signatures on the complaint, it appears that all three were penned by either Joseph B. P. Coffey or Joseph B. Coffey. Thereafter all pleadings contain one signature line for all three plaintiffs but only one signature. In particular, only Joseph B. Coffey, who apparently practices law in New Mexico but is not licensed to practice in Maine, signed the briefs.

Joseph B. Coffey, as noted in footnote 1, has no standing to pursue this appeal on his own. Because he is not licensed to practice in Maine, he is not entitled to represent his sons.[2] Accordingly, the court believes it would potentially be entitled to strike the briefs filed by Joseph B. Coffey on his sons' behalf.

---

[1] It is not entirely clear whether the letter to Joseph Coffey was sent to Joseph B. P. Coffey (owner of Lot 31 on the tax map) or to his father. As far as the court can tell from the record, the father responded to both letters. It is also not entirely clear whether Joseph B. P. Coffey or Joseph B. Coffey appeared at the hearing before the Board of Appeals. In any event, however, since Joseph B. Coffey is not currently the owner of either of the lots, the Town is correct that he does not have standing to pursue this appeal.

[2] There is nothing in 4 M.R.S. § 807 permitting representation of a party by a family member who is not licensed to practice law in Maine.

2

The court understands that when the clerk's office communicated with the Coffeys to determine whether Joseph B. Coffey was licensed to practice in Maine, plaintiffs responded that they would have Joseph B. P. Coffey and Sean Coffey sign all necessary pleadings. Although this has not yet been done, it would probably be sufficient to cure any defect and the court will therefore proceed in the alternative to decide this case on the merits.

1.    Standard of Review

On an 80B appeal the court reviews the decision of a municipal planning board or board of appeals for errors of law, abuse of discretion, or findings unsupported by substantial evidence in the record. *E.g., York v. Town of Ogunquit*, 2001 ME 53 ¶6, 769 A.2d 172, 175. The interpretation of an ordinance is a question of law that is reviewed *de novo. Isis Development LLC v. Town of Wells*, 2003 ME 149 ¶ 3 n.4, 836 A.2d 1285, 1287 n. 4.

In this case there are two additional wrinkles. The first is whether the court is reviewing the decision of the Code Enforcement Officer or the Board of Appeals. As far as the court can tell, nothing turns on this because there are no disputed facts and the record before the Code Enforcement Officer and the record before the Board of Appeals were the same in all essential respects. The second wrinkle is that, among their other claims, plaintiffs are asserting a claim of equitable estoppel – an issue which administrative boards ordinarily do not have jurisdiction to consider. *See Berry v. Board*

3

*of Trustees*, 663 A.2d 14, 18-20 (Me. 1995). In this case, however, the existing record is adequate for the court to decide that issue as a matter of law.[3]

## 2. Statute of Limitation and Laches

There appears to be no valid basis to dispute that the lots do not conform to the Shoreland Zoning ordinance and that the 200-foot minimum was in effect before the original Coffey lot was divided in two. Plaintiffs, however, contend that the Town is barred from enforcing the 200 foot minimum because the 6 year statute of limitations in 14 M.R.S. § 752 has expired.

This argument is misplaced. The court is not aware of any authority for the proposition that if a land use violation is created by a conveyance in 1994, a town is barred by the statute of limitations from enforcing its zoning regulations if it does not bring some kind of enforcement action within six years.[4] The only authority is to the contrary. *See Town of Falmouth v. Long*, 578 A.2d 1168, 1169-71 (Me. 1990).

Indeed, the Town has not brought any enforcement action in this case, and the most likely situation in which the Town would bring such an action would be if a landowner commenced construction after a building permit had been sought but denied because of the minimum shorefront requirement. In that case, however, the

---

[3] In addition, the Coffeys did not file a motion pursuant to Rule 80B(d) to offer evidence independent of the record and thereby waived any right they may have had to a trial of the facts.

[4] This is true regardless of when town officials learn of the violation. In this case the Town's tax assessor became aware of the conveyance shortly after it occurred and began imposing taxes on two lots rather than one lot. Although the tax assessor's office ordinarily provides notice of such conveyances to the code enforcement officer, the code enforcement officer in this case did not become aware of the problem until sometime in 2007 – when an approach was made about a possible sale of the Sean Coffey lot and/or the construction of a dwelling on that lot. This apparently triggered the code enforcement officer's September 28, 2007 letters.

4

action would be equitable in nature and no statute of limitations defense would be available.[5]

Plaintiffs also argue that the Town should be barred by laches from enforcing its minimum shorefront requirement. However, the Law Court noted in *Town of Falmouth v. Long* that Maine has not adopted laches as an affirmative defense to prevent a governmental agency from enforcing zoning regulations. 578 A.2d at 1170. *Accord, H.E. Sargent Inc. v. Town of Wells*, 676 A.2d 920, 925-26 (Me. 1996). In other states courts have also been extremely reluctant to recognize laches when asserted against governmental authorities seeking to enforce zoning regulations. 8 Rohan, *Zoning and Land Use Controls* § 50.03[4][a] at 50-21 (2007). The court sees no reason to break new ground and adopt such a defense in this case.[6]

Plaintiffs' major argument is that they paid more taxes on two lots than would have been paid if no portion of the lot had been conveyed in 1994, and that they have therefore been prejudiced. Even if laches were to be considered, however, the Coffeys have not suffered any irrevocable prejudice. This is not a situation where the Coffeys have constructed improvements only to be later informed that their lots are nonconforming. Instead, they took no action with respect to the land from 1994 to 2007. In addition, as the Town points out, both brothers' lots would enjoy shorefront access if the lots were reconfigured so that the original lot met the minimum shorefront

---

[5] In such a case, moreover, if a statute of limitations did apply, it would run from the start of the unauthorized construction.

[6] Arguably this case presents a slightly more favorable case for laches than *Long* or *H.E. Sargent* because one Windham department, the assessor's office, was aware of the conveyance. However, the code enforcement officer was not aware of the situation. The assessor's office is not responsible for policing land use violations, and the court is loath to propound a rule that would require code enforcement officers to be aware of all land transactions regardless of whether those transactions are accompanied by requests for building permits or other matters requiring action by the code enforcement officer.

5

requirement and the other lot was granted an easement providing it with full access to the shore.

3.    Equitable Estoppel

Plaintiffs' final argument is that by accepting tax payments based on two lots, the Town should be found to have grandfathered the non-conforming shoreline dimensions of the Coffey lots and is estopped from enforcing its ordinance. The problem with this argument is that equitable estoppel requires, *inter alia*, misleading statements or conduct that induced a party to act to its detriment. *E.g., Tarason v. Town of South Berwick*, 2005 ME 30 ¶15, 868 A.2d 230, 234; *Town of Falmouth v. Long*, 578 A.2d at 1170.

In this case plaintiffs have pointed to no statements or conduct by the Town that could have induced them to divide the original Joseph B. P. Coffey lot into two non-conforming lots. Instead, the Coffeys unilaterally divided their original lot and did so after the 200-foot minimum shorefront requirement was added to the Town's Shoreland Zoning ordinance.

In addition, even if available, equitable estoppel would only apply if the Town brought an enforcement action against the landowner. *Tarason*, 2005 ME 30 ¶16, 868 A.2d at 234.

Plaintiffs have finally argued that, if the court upholds the code enforcement officer's ruling, it should also order the Town to remit the difference between the taxes the Coffeys would have paid on one lot since 1994 and the taxes they actually paid on two lots. First, the court is not aware that it has any jurisdiction to order tax refunds where plaintiffs have not pursued the necessary procedures to apply for a refund or abatement. Second, the court does not see why parties who have created an illegal lot,

6

even inadvertently, should be rewarded or spared from some of the consequences of their actions.

The entry shall be:

The decision of the Windham Board of Appeals is affirmed. The clerk is directed to incorporate this order in the docket by reference pursuant to Rule 79(a).

DATED:     January 15, 2009

Thomas D. Warren
Justice, Superior Court

Date Filed __02-04-08__     __CUMBERLAND__ _____ Docket No. __AP-08-004__

County

Action __80B APPEAL__

JOSEPH B P COFFEY  
JOSEPH B COFFEY  
SEAN P COFFEY  

INHABITANTS OF THE TOWN OF WINDHAM  
ROGER TIMMONS  

vs.

| Plaintiff's Attorney | Defendant's Attorney |
|---|---|
| JOSEPH B P COFFEY (PRO SE)<br>JOSEPH B COFFEY (PRO SE)<br>SEAN P COFFEY (PRO SE)<br>2118 CENTRAL SE #10<br>ALBUQUERQUE NM 87106<br>(505)489-3606 | NATALIE BURNS ESQ (BOTH)<br>PO BOX 4510<br>PORTLAND ME 04112 |