STATE OF MAINE                                   SUPERIOR COURT
PENOBSCOT, SS.                                   CIVIL ACTION
DOCKET NO AP-06-17

FILED & ENTERED
SUPERIOR COURT

FEB 2 0 2009

PENOBSCOT COUNTY

DONALD L. GARBRECHT
LAW LIBRARY

CHERYL A. BROWN,

        Plaintiff,

        v.                               DECISION and ORDER

TOWN OF HUDSON,

        Defendant.

In this administrative appeal, the plaintiff appeals from the decision of the Hudson Code Enforcement Officer's decision to issue a stop work order on January 26, 2006. Originally, this 80B appeal sought review of the Board of Appeals' denial of her administrative appeal of their CEO's issuance of a stop work order, but plaintiff later filed an amended complaint for review asking the court to vacate the CEO's stop work order. This judge was assigned this case on October 1, 2008.

Plaintiff owns shorefront property located within the shoreland zoning district on Little Pushaw Pond in Hudson, Maine. In the summer of 2005 she sought approval to construct a garage on this property behind her home for her disabled son. She submitted the requisite application to the CEO, Dalton Mullis. Mr. Mullis visited the property to determine if the proposed construction fell within the 100' setback provision as provided in the Town's Shoreland Zoning Ordinance. After making certain measurements, he concluded that the project met the setback requirements, as it was 100' or more from the pond's high water mark. At an August 9, 2005 Planning Board meeting, the members considered plaintiff's Shoreland Zoning Application. In considering the application, the members considered the following written comment from CEO Mullis: "Today I made a site visit to the Cheryl Brown property at 248 Hay Road. The purpose of my visit was to confirm the accuracy of information provided by

the applicant. I found the information to be correct. The proposed addition is 100' or more from the high water line and the total lot coverage is well within the limits of the Ordinance. In summary, I recommend approval of this application as submitted." Administrative Record (A.R.), ex. #17. The Board approved Plaintiff's application at that meeting. A.R. ex. #18.

Plaintiff made several attempts to pick up and pay for the permit that had been approved, but due to the unavailability of the CEO she was unsuccessful, and eventually began construction in accordance with the proposed plans without having the permit. On January 26, 2006, the Town's new Code Enforcement Officer, Richard Fish, issued a stop work order for any further construction. By this time the building was substantially completed. The basis for the stop work order was not that she was building without a permit but that a new measurement taken by Mr. Fish in January indicated that the structure was within 100' of the pond's high water mark. The town now would not issue the permit that had been authorized earlier. Plaintiff, who was serving in the military, returned to the area in February of that year and CEO Fish re-issued the stop work order. He met with the plaintiff, and agreed to re-measure in the springtime, when there would be no ice to potentially interfere with the measurement. He then sent a letter to plaintiff, dated July 13, 2008, A.R. ex. #7A, informing her that the structure is within the 100' setback area, that she had to strictly adhere to the stop work order, and that she had to move the structure out of the 100' zone pursuant to an attached consent agreement that she was requested to sign. In this correspondence, he also indicated that if she did not agree to sign the agreement, she had "the right to appeal our decision to the Hudson Board of appeals."

On August 10, 2006 plaintiff submitted a completed application requesting a variance and appeal to the Town of Hudson's Board of Appeals in which she asserted

that the original Mullis measurement "should stand", and accompanied the application with a memorandum from Mr. Mullis indicating his original approval based on his measurement, and corroborating that plaintiff experienced difficulty in picking up and paying for the permit because he was either too busy or not in the office when she attempted to do so. A.R. ex. #7. On September 11, 2006, the Board of Appeals issued its decision denying the plaintiff's appeal and variance request and later, on October 15, 2006, denied her request for reconsideration. On October 26, 2006, the plaintiff filed this appeal.

At no time has there been an allegation that the plaintiff did not build the structure pursuant to the plan upon which the Mullis measurements were made. The controversy arose from differing opinions concerning the location of the high water mark of Little Pushaw Pond.

STANDARD OF REVIEW

In deciding an administrative appeal, ordinarily it is imperative for the Superior Court to determine whether the decision of a board of appeals or the decision that was appealed to the board of appeals is the operative decision to be reviewed. If the board of appeals acted as an appellate body, then the Superior Court reviews the previous decision, not the decision of the board of appeals. If the board of appeals acted as a tribunal of original jurisdiction, then its decision is reviewed directly. The court has reviewed several cases, including *Yates v. Southwest Harbor, 2001 ME 2, ¶ 10, 763 A.2d 161, 164; Stewart v. Town of Sedgwick, 2000 ME 157, ¶ 4, 757 A.2d 773, 776; and Gensheimer v. Town of Phippsburg, 2005 ME 22, ¶ 7 , 868 A.2d 161, 164;* and concludes that a decision on whether a board of appeals is authorized to act in an appellate or original capacity depends on which portions of the relevant enabling ordinances are stressed. Although the Hudson Board of Appeals Ordinance resembles in relevant areas the Southwest

Harbor ordinance that has been determined to authorize that Board of Appeals to act in an appellate capacity, *Yates, supra, at ¶13*, it is not necessary for the court to decide in which capacity the Hudson Board must act because the rationale for the court's decision in this case applies to both the action of the Board of Appeals as well as the action of CEO Fish, which that board reviewed. In other words, this Court's decision is the same whether it is reviewing the Board's decision or the CEO's decision. For the same reason, it doesn't matter whether the court is proceeding on the original complaint, appealing the Board's decision, or the amended complaint, appealing the CEO's decision.

MOTION TO DISMISS

In this motion, the town asserts that the court does not have subject mater jurisdiction to hear this appeal, arguing that the plaintiff filed the administrative appeal of the stop work order with the Hudson Board of Appeals 152 days after the CEO reissued the stop work order on January 26, 2006. The court denies this motion. Although the stop work order issued on that date, the plaintiff and CEO were working together to resolve the measurement issue and had to wait until the ice left the pond and the waters receded to an acceptable level so that the CEO could review his measurement. After reviewing the measurement, he concluded his initial conclusions were correct and notified the plaintiff of the result in the July 13, 2006 letter to Ms. Brown that notified her then that if she did not agree and refused to sign the consent agreement, "you have the right to appeal our decision to the Hudson Board of Appeals". Based on these events, the court finds that the town implicitly informally agreed to reconsider the stop work order and did not finalize that order until July 13, 2006. From that date, the plaintiff had thirty days to file her appeal and complied with that requirement.

Additionally, considering the above circumstances, the Board of Appeals implicitly waived or extended time limits for filing an appeal by hearing and deciding the appeal as filed. Their Shoreland Zoning Ordinance authorizes the Board to waive the thirty day requirement upon a showing of good cause.

DISCUSSION

An issue that immediately becomes apparent in evaluating this appeal is the potential application of the doctrine of equitable estoppel. If applicable, the doctrine would preclude the town from issuing a stop work order against plaintiff after she had already been granted planning board approval for the project. The plaintiff has not framed the issue in this way and she has not raised it explicitly in her pleadings. There are two ways that equitable estoppel could be raised, the first being an appeal of the Board of Appeal's failure to consider the doctrine. A board of appeals could not err as a matter of law in failing to apply the doctrine because it does not have equitable jurisdiction unless it is granted such jurisdiction by statute or ordinance. *Tarason v. Town of S. Berwick*, 2005 ME 30 ¶13, 868 A. 2d 230, 233. The Town of Hudson Land Use Ordinance does not give the Board such jurisdiction. Alternatively, equitable estoppel may be raised in the context of an administrative appeal by bringing an independent action pursuant to M.R.Civ. P. 80B(i). See Donald G. Alexander, et al, *The Maine Rules of Civil Procedure with Advisory Committee Notes and Practice Commentary* 528 (MSBA 2008). Equitable estoppel has not been raised in an independent action in this proceeding.

In her primary argument, the plaintiff urges the court to apply *Juliano v. Town of Poland*, 725 A. 2d 545, 547 (Me. 1999) to the facts of this case and find that the Town was precluded from issuing a stop work order on plaintiff's project after having permit approval earlier. Initially, the CEO approved the project as did the Planning Board, by vote at the August 9, 2005 regular meeting. In the ensuing weeks she was unable to

obtain the permit that had been authorized because the CEO was unavailable whenever she attempted to obtain the permit. Based on the Town's authorization, she began construction without actually obtaining and paying for the permit. There is no allegation that construction was not in conformity with the site plan that was approved.

In *Juliano*, the plaintiff obtained a building permit from the Poland CEO for an addition to his commercial structure. Later, another CEO issued a stop work order alleging that Mr. Juliano did not have a permit and had not completed the application process. The Board of Appeals upheld the stop work order on the basis that the permit that had been issued was invalid because the plaintiff's facility did not fall within a permitted use. On appeal, the Superior Court upheld the stop work order and the plaintiff appealed to the Law Court. That court vacated the stop work order, ruling that the stop work order was in essence a challenge to the prior CEO's decision to issue the permit. Since the stop work order was issued well beyond the time period allotted for an appeal of the decision to issue the permit, it was not timely under the thirty day appeal period established in the ordinance. In support of its decision, the Court noted that strict compliance with the appeal procedure of the ordinance is necessary to ensure that a person who has obtained a permit can rely on that permit with confidence. *Id* at ¶7.

As in *Juliano*, the Town of Hudson, through its Code Enforcement Officer and a vote of its Planning Board, granted approval for plaintiff's construction project, finding that it did not violate the Shoreland Zoning 100' set back requirement. Almost five months later, the new CEO issued a stop work order alleging that the structure that had been built according to plan in fact violated the set back requirement. According to §16(G) of Hudson's Shoreland Zoning Ordinance, a party aggrieved from a decision of the CEO or the Planning Board can appeal to the Board of Appeals within 30 days of the

decision. This court finds that since this stop work order was in essence an untimely appeal of the Planning Board's earlier approval, it is of no effect. Although it could be argued that this is a different situation because the *Juliano* plaintiff had a permit in hand and Ms. Brown did not, the court finds that this is a distinction without a difference. The initial decision that was subject to appeal pursuant to §16(G) was the decision of the planning board, not the ministerial function of handing out the permit.

The Stop work order issued on January 26, 2005 is hereby vacated.

The clerk is directed to incorporate this Decision and Order into the docket by reference.

Dated: February 19, 2009

WILLIAM ANDERSON
JUDGE, DISTRICT COURT

A TRUE COPY
ATTEST:
CLERK

Date Filed __10/23/06__ __PENOBSCOT__ Docket No. __AP-2006-17__

County

Action __80 B APPEAL__

**ASSIGNED TO JUSTICE ANDREW M MEAD**
**REASSIGNED TO JUSTICE KEVIN M. CUDDY**
**REASSIGNED TO JUSTICE WILLIAM R. ANDERSON**

CHERYL A BROWN                          vs.   TOWN OF HUDSON

| Plaintiff's Attorney | Defendant's Attorney |
|---|---|
| EDMOND J. BEAROR, ESQ<br>APRIL A. BENTLEY, ESQ<br>RUDMAN & WINCHELL, LLC<br>84 HARLOW STREET<br>P O BOX 1401<br>BANGOR, ME  04402-1401 | FARRELL, ROSENBLATT & RUSSELL<br>61 MAIN ST SUITE 1<br>P O BOX 738<br>BANGOR ME  04402-0738<br>BY:  ROGER L. HUBER ESQ |

Date of