STATE OF MAINE
SAGADAHOC, ss.

SUPERIOR COURT
CIVIL APPEAL
DOCKET NO. AP-08-04
*A MH - SAG-5/14/2013*

GRIMMEL INDUSTRIES, INC.,

Plaintiff

v.

INHABITANTS OF THE
TOWN OF TOPSHAM,

Defendant

## ORDER ON MOTIONS

In this case, Grimmel Industries, Inc. (Grimmel) has filed a Complaint for Declaratory Judgment And Alternatively For Review of Governmental Action Under Me. R. Civ. P. 80B. Pursuant to Rule 80B of the Maine Rules of Civil Procedure, Grimmel has also filed a Motion for Trial of Facts and a Motion To Specify Future Course of Proceedings. The Town has filed a Motion to Dismiss Plaintiff's Declaratory Judgment Claims. The parties have also filed a Joint Record Submission regarding the proceedings before the Topsham Zoning Board of Appeals.

Oral argument was held May 7, 2013.

Based on the filings and oral argument, the court finds and concludes as follows:

### *Background*

For purposes of the present motions only, the background facts may be summarized as follows:

Since 1992, Grimmel has owned and operated a scrap metal recycling facility at the former Pejepscot Mill in the Town of Topsham. Grimmel's facility began operating after receiving site plan approval for its operation from the Topsham Planning Board. The Planning Board written approval is dated August 14, 1992.

In 1995, several structures on Grimmel's property were destroyed by fire and were not rebuilt.

In 2008 the Town code enforcement officer (CEO) notified Grimmel that it was in violation of a site plan approval condition limiting after-hours trucking activity into or out of the facility to "incidental" trips and imposed a limit of one after-hours truck entry or exit per week. Grimmel appealed the CEO's action to the Topsham Board of Appeals and thereafter to this court. *See Grimmel Industries, Inc. v. Inhabitants of the Town of Topsham*, Me. Super. Ct., Sag. Cty, Docket No BATSC-AP-08-04. In a written decision dated May 26, 2009, this court vacated the Town's action against Grimmel, essentially because a flat limit of one entry or exit per week was an unreasonable interpretation of the term "incidental." The ruling became final by virtue of the expiration of the appeal period.

In a letter to Grimmel dated December 28, 2011, the Town CEO (not the same holder of that office who had acted in 2008) notified Grimmel that, by conducting recycling operations outside, Grimmel was in violation of the 1992 site plan approval conditions, and would need either to cease outside operations or seek amendment of the site plan approval. The letter also notified Grimmel that, if it proposed to keep scrap materials outside, it would need a new permit to operate a "junkyard," as defined by state statute. *See* 30-A M.R.S. § 3752-53 (definition of "junkyard"; requirement of permit from municipality).

Grimmel appealed the December 28, 2011 notice of violation to the Topsham Board of Appeals. The Board of Appeals held a hearing December 17, 2012, and voted to deny Grimmel's appeal. A stipulated transcript of the hearing has been filed as part of the Joint Record Submission by Plaintiff and Defendant. In a letter to Grimmel dated December 18, 2012, the Board of Appeals chair notified Grimmel that the Board of Appeals appeal of the

2

CEO's determination and upheld the CEO's action. Grimmel then filed an appeal under Rule 80B, adding a declaratory judgment count to its appeal.

*Discussion*

Under Rule 80B(i), the filing of Plaintiff's Motion To Specify Future Course of Proceedings operated to suspend the running of the Rule 80B time periods. The parties' respective motions, as well as the Joint Record Submission, raise questions about the scope and direction of this proceeding. This Order is intended to address at least the questions that are ready to address, and to define a procedure for those that are not ready.

The court has jurisdiction under Rule 80B, as the Town acknowledged at oral argument. Moreover, because Rule 80B explicitly permits joinder of independent claims, Grimmel's assertion of a declaratory judgment count cannot be said to be facially insufficient as a matter of law.

The Town's Motion To Dismiss appears to be premised on the assumption that Grimmel's declaratory judgment claim is intended to raise an equitable estoppel issue that, as the Town points out, can only be raised as a defense. *See Tarason v. Town of South Berwick,* 2005 ME 30, ¶ 16, 868 A.2d 230; *Buker v. Town of Sweden,* 644 A.2d 1042, 1044 (Me. 1994). However, Grimmel's complaint does not explicitly limit its request for declaratory relief to equitable estoppel issues. At this stage of the case, the court cannot say that Grimmel has no basis on which to seek declaratory relief, so the Town's motion will be denied without prejudice. However, as just noted, the court agrees with the Town that equitable estoppel is not in the case, so if there proves hereafter to be no other basis for declaratory relief, the Town may revive the same issue in a future motion.

On the other hand, as noted at oral argument, Grimmel also argues that this court's prior decision on "incidental" truck trips precludes the Town from issuing the notice of

3

violation. The elements of *res judicata* and collateral estoppel (or claim preclusion and issue preclusion, as they are sometimes called) are different than the elements of equitable estoppel, although all three doctrines are usually characterized as defenses rather than as grounds for affirmative relief.

Thus, two issues of law appear to be presented by Grimmel's position on the effect of this court's 2009 ruling: First, can Grimmel raise *res* judicata or collateral estoppel in this case or must those issues be deferred along with equitable estoppel? Second, if those issues are cognizable in this appeal, is the Town barred by either preclusive doctrine from issuing the notice of violation?

A third issue raised by Grimmel's Motion for Trial of Facts is whether any proceeding in the nature of a trial is necessary to enable the court to consider the preclusion issues to the extent they are even ripe for consideration. Plaintiff's Motion for a Trial of Facts includes a three-paragraph offer of proof that appears to be focused on Grimmel's claim that the Town is estopped or otherwise precluded from taking the positions articulated in the CEO's December 28, 2011 notice of violation letter.

As an aside, the court also invites the parties to consider whether the Board of Appeals decision is ripe for judicial review. The Board of Appeals notice of decision letter dated December 18, 2012, notes that Grimmel raised three issues: "(1) Is the facility a junk yard which requires a permit? (2) Is the applicant required to update the site plan approval, based on the fact that the original facility was required to be located inside a building which burned down in 1995, and 3) due to lack of action by the Town for 16 years, does the CEO still have a right to issue a notice of violation for the listed issues?" The three votes enumerated in the notice of decision letter seem intended to address the first two listed issues, but there is nothing in the findings or conclusions or the votes specifically addressing the third listed issue. It is

4

thus not clear whether the Board rejected Grimmel's contention on its merits, or refused to consider it, or felt it did not have jurisdiction to consider it. Admittedly, the transcript suggests the last possibility is the correct one, but the notice of decision itself is ambiguous. Another question raised by the Board decision is whether it contains sufficient findings of fact to explain and support the Board's vote to the effect that Grimmel's facility constitutes a junkyard as defined by state law.

All of questions make it appropriate for there to be another conference of counsel before the court acts definitively on the Motion to Specify Future Course of Proceedings and Motion for Trial of Facts.

For all of these reasons, it is hereby ORDERED as follows:

1. The Defendant Town's Motion to Dismiss Plaintiff's Declaratory Judgment Claims is denied without prejudice.

2. Decision on Plaintiff's Motion for Trial of Facts is deferred until after the court determines whether (1) the issues that Plaintiff proposes for trial are cognizable, and (2) if so, whether a trial of facts is necessary in light of the issues to be raised.

3. Plaintiff's Motion to Specify Future Course of Proceedings will be granted, but the court will defer issuing a further order regarding a schedule or format of proceedings until after a conference of counsel regarding the areas discussed in this Order and any other relevant matters either party wishes to advance at the conference.

Pursuant M.R. Civ. P. 79(b), the Clerk is hereby directed to incorporate this Order by reference in the docket.

DATED: May 14, 2013

_____
A. M. Horton, Justice

5

GRIMMEL INDUSTRIES INC - PLAINTIFF
80 MAIN STREET PEJEPSCOT VILLAGE
TOPSHAM ME 04086
Attorney for: GRIMMEL INDUSTRIES INC
BRYAN DENCH   - RETAINED
SKELTON TAINTOR & ABBOTT
95 MAIN STREET
AUBURN ME 04210


vs
INHABITANTS OF THE TOWN OF TOPSHAM - DEFENDANT
100 MAIN STREET
TOPSHAM ME 04086
Attorney for: INHABITANTS OF THE TOWN OF TOPSHAM
MARY ELIZABETH COSTIGAN   - RETAINED 02/27/2013
BERNSTEIN SHUR SAWYER & NELSON
100 MIDDLE ST
PO BOX 9729
PORTLAND ME 04104-5029

SUPERIOR COURT
SAGADAHOC, ss.
Docket No   BATSC-CV-2013-00005


**DOCKET  RECORD**


Filing Document: COMPLAINT                    Minor Case Type: DECLARATORY JUDGMENT
Filing Date: 01/31/2013