STATE OF MAINE RECEIVED & FILED SUPERIOR COURT
ANDROSCOGGIN, ss DOCKET NO. AP-19-17

ANDROSCOGGIN
SUPERIOR COURT

Marla Rosenthal, )
)
     *Plaintiff/Appellant,* )
)
v. ) **Order on Appeal**
)
Town of Poland[1], *et al.,* )
)
     *Defendants/Appellees,* )
)
And )
)
BSE Swamp Rentals, LLC, )
)
     *Intervenor.* )

This matter is before the court on Plaintiff/Appellant's complaint pursuant to M.R. Civ.

P. 80B for review of the action taken by the Poland Board of Appeals on October 21, 2019

denying her appeal of the Code Enforcement Officer's denial of a permit for a dock.

### *Factual and Procedural History*

Plaintiff is the owner of property at 45 Garland Swamp Road in Poland, Maine.

Although her property does not have frontage on Tripp Pond, it abuts waterfront property at 49

Garland Swamp Road now owned by Intervenor BSE Swamp Rentals. The 1987 deed to

Plaintiff conveys to her the following:

> A right-of-way Eight (8) Feet in width southwesterly of and adjacent to land
> conveyed to the said Cohen bounded southeasterly by the northwesterly line of
> the above described premises and northwesterly by low water mark of Tripp
> Pond.

---

[1] The caption is corrected to "Town of Poland" instead of "Inhabitants of the Town of Poland". *See* note
2, Brief of Town of Poland.

1

This right-of-way to Tripp Pond travels over the property of Intervenor BSE; that easement has appeared in deeds going back decades. The servient estate contains 69 feet of shore frontage on Tripp Pond, including the 8 foot right of way. The deed is silent whether a dock is a contemplated use of the easement.

On July 24, 2019, the Poland Code Enforcement Officer (CEO) received a complaint that Plaintiff had installed a dock in the lake in front at the easement. On the same day, the CEO issued a Violation Notice and Stop Work Order regarding the dock. On July 25, 2019, Plaintiff submitted a Shoreland Project Permit to the CEO, requesting a permit to construct an 8-foot aluminum dock with four posts. The CEO denied the application on July 31, 2019, and Plaintiff appealed the denial to the Zoning Board of Appeals (the Board) on September 10, 2019.

Following a public hearing on October 16, 2019, the Board denied Plaintiff's appeal. The Board concluded that the Poland Comprehensive Land Use Code [Code] does not allow for more than one dock per lot because the shore frontage for the lot was 69 feet. A second dock would be a non-conforming use. Therefore, to the extent there had been a second dock there in the past, any right to that use was extinguished because it had been more than twenty years since it had been there.[2] The Board also found that the proposed dock would interfere with an existing developed or natural beach area and therefore was not permitted. Plaintiff then filed this timely complaint for review of that decision pursuant to M.R. Civ. P. 80B.

---

[2] Plaintiff conflates two issues in arguing that her right to a dock was not extinguished. The passage of more than one year does not affect the grant of the easement as between the holders of the servient and dominant estates; it still exists. Rather, it affects only whether the particular use is grandfathered if it is otherwise not permitted under the Poland Code. The Board never found that her easement rights were extinguished, nor could it do so. *See, e.g., Tomasino v. Town of Casco*, 2020 ME 96 ¶7

2

## Standard of Review

Review of administrative decision-making is deferential and limited; the decision is reviewed for abuse of discretion, errors of law, and findings not supported by substantial evidence in the record. *Wolfram v. Town of North Haven*, 2017 ME 114 ¶7. The court will affirm the findings if they are supported by any competent evidence. *Beal v. Town of Stockton Springs*, 2017 ME 6 ¶26. The Board's interpretation of town ordinances is reviewed de novo as a matter of law. *Tomasino v. Town of Casco*, 2020 ME 96 ¶5. The Plaintiff/Appellant has the burden of showing that the record evidence compels a contrary conclusion. *Tarason v. Town of S. Berwick*, 2005 ME 30 ¶6.

## Analysis

Plaintiff argues that she has a right to construct a dock pursuant to the terms of the easement. This argument is misplaced and indeed of little consequence to the analysis. Plaintiff correctly notes that 33 M.R.S. § 459 does not apply to this case; it only applies to rights-of-way created after January 1, 2018. However, it also does not mean that rights-of-way created before that date necessarily carry a right to construct a dock: it simply means that the language of the easement governs. As noted above, the plain language of the deed gives Plaintiff access to the lake. It does not, however, address the full scope of the use to be made of it. Thus, the language may be considered ambiguous and resort had to extrinsic evidence in order to determine whether she has the right to construct a dock. *E.g., Badger v. Hill*, 404 A.2d 222, 225 (Me. 1979). That evidence, however, is not before the court, nor was it determined by the Board. Indeed, the Board had no "jurisdiction, authority, or expertise" to determine the scope of an easement and it would have been error had it done so. *Tomasino v. Town of Casco*, 2020 ME 96 ¶7.

The scope of the easement is also not germane to the Board's decision because even if she has a deeded right to construct a dock, the use is still governed by the Poland Code. The deeded easement can only grant Plaintiff rights enforceable against the servient estate; she must still comply with zoning laws.

Plaintiff also makes much of the fact that her family had maintained a dock at the easement in the past. Nonetheless, the Board's finding that there had been no dock for more than 20 years is supported by the record; indeed, it is not seriously disputed. If the use is a non-conforming use, therefore, it is no longer permitted as a grandfathered non-conforming use[3]. Once again, the issue remains whether the use is permitted by the Poland Code.

Section § 508.27.D of the Poland Code specifically governs the placement of docks. Pursuant to § 508.27.D.3 of the Poland Code, the "location [of a dock] shall not interfere with existing developed or natural beach areas." The Board concluded that the dock interfered with an existing developed or natural beach area, and as such was not allowed under § 508.27.D.3. In her original brief, Plaintiff did not even argue this issue except in passing, which is the equivalent of not arguing it at all. In her reply, Plaintiff argues that the dock was in the water and not *on* any beach area, but that is not the standard. The ordinance refers to *interference* with the beach area, which is far broader than actual placement on the beach area. The Board found that a neighbor, Mr. Beaulieu, testified that the dock interfered with a beach area. The records also contains a letter to the Board from Katherine Carroll, another abutter, stated that Plaintiff (through Mr. Rosenthal) was blocking the small section of beach which exists between 43 Garland Swamp Road and 49 Garland Swamp Road at Plaintiff's right-of-way. The letter from

---

[3] Pursuant to § 504.4.B of the Poland Code, "[a] lot . . . on which a legal nonconforming use is discontinued for a period exceeding one (1) year . . .may not again be devoted to a non-conforming use."

4

Bill Aube also described that when the Plaintiff's dock was there it made it difficult for anyone to use the beach. Although the findings of the Board are not artfully stated, the import is clear, and Plaintiff points to no contrary evidence that would compel a different finding.

Plaintiff also argues for the first time in her Reply that the term "developed or natural beach area" is an unmeasurable standard and therefore an unconstitutional delegation of authority and a violation of due process. The court disagrees. These are not terms of art but terms of common meaning. Merriam-Webster's dictionary defines "beach" as "a shore of a body of water covered by sand, gravel, or larger rock fragments." *https://www.merriam-webster.com/dictionary/beach*. The pictures in the record show a small area of sand or gravel at the shore of the pond. Another case may require one to parse out the limits of what may be a beach area, but there is nothing in this record to suggest it is not. This factual finding of the Board is amply supported by the evidence, and the decision of the Board on that ground will be affirmed.

The Board's finding that the dock was not permitted because it interfered with an existing developed or natural beach area is sufficient grounds, without more, to affirm the decision. Nonetheless, the court will discuss the other basis for the Board's denial of the dock permit.

Section 508.27.D.1 of the Code provides that "[n]ot more than one . . . dock . . . or similar structure extending or located below the normal high-water line of a water body . . . is allowed on a single lot; except that when a single lot contains at least twice the minimum shore frontage as specified in Section 507.2". That section specifies the minimum shore frontage as 200 feet. Section 1402 of the Poland Code defines a "lot" as an "area of land in one ownership . . . with ascertainable boundaries established by deed". As noted above, Plaintiff's easement is eight feet

5

wide and burdens a lot with only 69 feet of shore frontage. Plaintiff's dock would be a second dock within the 69 feet of shore frontage, and is therefore prohibited if that is a "single lot".

Plaintiff argues that because both Plaintiff and BSE have an ownership interest in the lot at 49 Garland Swamp Road, it is not a "single lot" and therefore more than one dock is permitted. The Board found otherwise, and the court agrees with the Board. There is only one lot; Plaintiff's easement travels over a portion of the lot owned in fee by BSE. There can be little question that BSE alone owns the "area of land". Plaintiff only has a right to pass over the land; she does not own the land. Consider the common situation where numerous owners of back lots have the right to travel a private road or easement to the water and use a small common beach. Under Plaintiff's interpretation, every one of those back-lot owners could construct their own dock – and potentially other structures – on the beach, no matter the size of the lot. To find as Plaintiff argues would lead to absurd results. The decision of the Board is affirmed on this ground as well.

### Conclusion

The findings and order of the Board of Appeals were supported by substantial evidence in the record, and there was no abuse of discretion or error of law. Therefore, the order of the Board of Appeals denying the appeal of the Notice of Violation and Order to Stop Work is affirmed. This Order on Appeal may be incorporated on the docket of the case by reference pursuant to Me. R. Civ. P. 79(a).

Dated: 1/15/2021

Valerie Stanfill
Justice, Maine Superior Court

6