STATE OF MAINE                                      SUPERIOR COURT
CUMBERLAND, ss                                      CIVIL ACTION
                                                    DOCKET NO. AP-09-26
SCARBOROUGH BARBEQUE, LLC,                          REC -CUM-2/4/2010
d/b/a FAMOUS DAVE'S BAR-B-QUE,
        Petitioner
                                                    ORDER ON
v.                                                  PETITIONER'S 80B
                                                    APPEAL
TOWN OF SCARBOROUGH,
        Respondent


## BEFORE THE COURT

Petitioner Scarborough Barbeque, LLC, d/b/a Famous Dave's Bar-B-Que

("Scarborough BBQ") appeals the Scarborough Zoning Board of Appeals'

("ZBA") decision regarding Petitioner's proposed signage pursuant to Maine

Rule Civil Procedure 80B.

Scarborough BBQ operates Famous Dave's Bar-B-Que, a restaurant on a

portion of property owned by New England Expedition – Scarborough LLC

("NEES"). Scarborough BBQ runs the restaurant in a single tenant building. The

building is a five-sided building in the Haigis Parkway District of Scarborough.

According to Section XII(L)(4) of the Town of Scarborough's building code, the

Haigis Parkway District only allows two wall signs per single tenant building,

one on the street side of the building, and one on the parking side of the

structure. However, NEES and the Town of Scarborough have a "Contract Zone

Agreement" ("CZA"), which allows buildings on NEES' property to have four

wall signs.[1] As a result of the CZA, Scarborough BBQ is permitted to have four

wall signs. These facts are not in dispute.

_____

[1] According to Section 2(b) of the Amendments to the Contract Zoning Agreement
between the Town of Scarborough and NEES:

                                                                            1

On October 22, 2008, Scarborough BBQ submitted a permit application to erect the first four signs on the building. According to the October 2008 permit application, the first four signs, including the "TO-GO" sign, were permitted as wall signs. The "TO-GO" sign is attached perpendicular to the building.[2] According to Kevin LaBree, Vice President and part owner of Scarborough BBQ, the "TO-GO" sign is intended to direct take-out customers to the take-out entrance.

On April 28, 2009, Scarborough BBQ submitted a "Town of Scarborough Sign Permit" requesting permission to install one illuminated wall sign reading "Famous Dave's Bar-B-Que" on the rear wall of the property. On May 4, 2009, Scarborough Chief Code Enforcement Officer ("CEO") Dave Grysk denied Scarborough BBQ's sign permit in a letter to Shane Moffet of Neokraft Signs, who Scarborough BBQ had contracted to make the proposed sign. The CEO concluded that Scarborough BBQ's building already had four signs. The CEO stated that the "TO-GO" sign on the front of the building by the entrance counted as the fourth wall sign on the building.

The CEO concluded that the proposed sign on the rear of the building would be the fifth sign on the building, exceeding the number of signs permitted by the Town's agreement with NEES. In what appears to be an effort to create a workable solution, the CEO further stated: "If the TO-GO sign was reduced in size to 10% of the doorway opening (see Section XII C 10) the TO-GO sign would

---

In the case of single-tenant buildings to be located in that portion of the Project known as "The Gateway Shoppes at Scarborough", said buildings may have up to four (4) wall signs not to exceed one hundred (100) square feet each, with no more than one (1) such wall sign per wall.

[2] The face of the "TO-GO" sign measures two feet-four inches wide (at its widest points) by six feet tall. Viewing the sign while facing the doorway below the sign, the sign measures ten inches deep.

not be considered a wall sign and would be allowed under the Sign Ordinance as an identification sign. This then would allow for the proposed new wall sign to be placed on the rear of the structure." Section XII(C)(10) of the Scarborough Zoning Ordinance (SZO) provides regulations for identification signs.[3]

On May 15, 2009, Scarborough BBQ appealed the CEO's permit denial, believing that the denial was due to a misinterpretation of the ordinance pertaining to the number of wall and projecting door identification signs that are allowed by the code. Scarborough BBQ believes that the "TO-GO" sign should not be counted as one of its four wall signs. A hearing on the appeal was held before the ZBA on June 10, 2009. The Scarborough ZBA denied Scarborough BBQ's appeal and sent Scarborough BBQ a letter on June 22, 2009 which provided the following basis for its decision:

> By vote of the Scarborough Zoning Board of Appeals on June 10, 2009, your appeal against the decision of the Code Enforcement Officer, who determined that your "to go" sign did not meet the requirements of the Contract Zone, has been denied. As you know, the Zoning Board suggested that the issue be taken up with the Town Council for a possible amendment to the Contract Zone.

On appeal, Scarborough BBQ contends: (1) that the ZBA decision lacks sufficient findings of fact as required by 30-A M.R.S. § 2961(3)(E); (2) that the "TO-GO" sign is not a wall sign and is better defined as a doorway sign or a projecting sign; (3) that the SZO's definition of a doorway is too vague to determine whether the "TO-GO" sign is a wall sign or a directional sign over a

---

[3] Section XII(C)(10) of the Scarborough Zoning Ordinance states:
> Identification signs indicating the location of, or direction to a separate function performed within one portion of that building may be erected over or by the doorway or entrance to such portion of the building. The sign area shall not exceed ten percent (10%) of the area of such doorway or entrance to such portion of the building.

doorway; and (4) that the CEO's volume analysis of the "TO-GO" sign was incorrectly considered by the ZBA.[4]

## DISCUSSION

### I.    Standard of Review

The operative decision for judicial review is the decision of the ZBA, rather than the decision of the building authority. *See Stewart v. Town of Sedgwick*, 2000 ME 157, ¶¶ 4-5, 757 A.2d 773, 775. In appeals brought pursuant to M.R. Civ. P. 80B, this court reviews an administrative decision for errors of law, abuse of discretion or findings of fact unsupported by the record. *Yates v. Town of Southwest Harbor*, 2001 ME 2, ¶ 10, 763 A.2d 1168. The court has jurisdiction over this matter pursuant to 30-A M.R.S. 2691(3)(G) (2008).

Questions of law, which include determinations of the meaning of ordinances, are reviewed *de novo. Jade Realty Corp. v. Town of Eliot*, 2008 ME 80, ¶ 7, 946 A.2d 408, 410. As for questions of fact, the court employs the "substantial

---

[4] Section XII(A)(9) of the Scarborough Zoning Ordinance provides definitions specific to sign regulations. The following definitions are pertinent to Scarborough BBQ's arguments about the classification of the "To Go" sign:

j.   **Directional Sign**: A sign that indicates ingress or egress to a property and does not contain either identification or advertising copy.

k.   **Doorway Sign**: A sign indicating the location of, or direction to, a separate function performed within one portion of a building that may be erected over or by the doorway or entrance to such a portion of the building.

q.   **Identification Sign**: A sign that includes, as copy, only the name of the business, place, organization, building, or person it identifies.

cc.  **Projecting Sign**: A sign that is suspended from or supported by any building or structure and projects outward from the supporting structure.

ff.  **Sign**: An object, device, display or structure or part thereof, situated outdoors or indoors, which is used to advertise, identify, display, direct, or attract attention to an object, person, institution, organization, business, project, service, event or location by any means, including words, letters, figures, designs, symbols, fixtures, colors, or projected image.

ll.  **Wall Sign**: A sign painted on, attached to, or supported by a building wall or part thereof, provided that the sign does not project more than 12" from the wall.

evidence" standard, which is the same as the "clear error" standard used by the Law Court to review fact-finding by a trial judge. *Gulick v. Bd. of Envtl. Protection*, 452 A.2d 1202, 1207-08 (Me. 1982). Under this standard, the issue before the reviewing court "is not whether it would have reached the same conclusion as the [administrative tribunal], but whether the record contains competent and substantial evidence that supports the result reached." *Seider v. Bd. of Exam'rs of Psychologists*, 2000 ME 206, ¶ 8, 762 A.2d 551, 555 (internal quotation omitted). "Substantial evidence is evidence that a reasonable mind would accept as sufficient to support a conclusion." *York v. Town of Ogunquit*, 2001 ME 53, ¶ 6, 769 A.2d 172, 175.

The burden of persuasion in an action challenging an administrative decision rests on the party seeking to overturn its decision. *See Sawyer Envtl. Recovery Facilities, Inc. v. Town of Hampden*, 2000 ME 179, ¶ 13, 760 A.2d 257, 260. Thus, in this case, the Petitioner bears this burden. Petitioner must show that "no competent evidence supports the [ZBA]'s decision." *Toomey v. Town of Frye Island*, 2008 ME 44, ¶ 13, 943 A.2d 563, 566.

## II.    Sufficiency of the Findings

A zoning board of appeals is governed by the procedural requirements of 30-A M.R.S. § 2691. In particular, section 2691(3)(E) provides:

> The transcript or tape recording of testimony, if such a transcript or tape recording has been prepared by the board, and the exhibits, together with all papers and requests filed in the proceeding, constitute the public record. All decisions become part of the record and *must include a statement of findings and conclusions, as well as the reasons or basis for the findings and conclusions*, upon all the material issues of fact, law or discretion presented and the appropriate order, relief or denial of relief.

30-A M.R.S. § 2961(3)(E) (emphasis added). It is difficult for a reviewing court to support a ZBA's decision without a statement that includes the ZBA's findings,

conclusions, and reason or basis for those findings and conclusions. Meaningful judicial review requires the ZBA to make clear and comprehensive findings of fact. *Harrington v. Town of Kennebunk*, 459 A.2d 557, 562 (Me. 1983). The court may remand a matter to a board of appeals when the board fails to make sufficient and clear findings of fact necessary for effective judicial review. *Sanborn v. Town of Sebago*, 2007 ME 60, ¶ 14, 924 A.2d 1061, 1066.

Upon examination of the June 10, 2009 hearing minutes, the evidence supports the conclusion that the ZBA treted the "TO-GO" sign as one of the four wall sign's Scarborough BBQ is permitted to have on its building under the Town's contract zone agreement with NEES. The ZBA denied Scarborough's appeal for the proposed new wall sign because it would be a fifth wall sign. However, the ZBA never provided a statement of findings or articulated any reason to support its findings and conclusions. Additionally, the ZBA's decision was further confused by the June 22, 2009 letter of decision, which states, "your appeal against the decision of the Code Enforcement Officer, who determined that your "to go" sign did not meet the requirements of the Contract Zone, has been denied." The letter of decision incorrectly stated the issue on appeal. The question was not whether the "TO-GO" sign met the requirements of the contract zone, but whether the request for the proposed new wall sign should have been granted.

Because the ZBA failed to explain the reasons for its findings and conclusions, and because the ZBA's letter of decision incorrectly states the issue, this 80B Appeal is remanded to the ZBA to make sufficient and clear findings of fact and conclusions of law.

III.     **Definitional Disputes Over the "TO-GO" Sign**

The Town of Scarborough and Scarborough BBQ argue in their briefs about how to classify the "TO-GO" sign under Scarborough's Zoning Ordinance. It is clear from the parties' briefs and the scant record that both parties are arguing facts that were not decided by the ZBA. In an 80B appeal, the court's review is limited to the record and the findings of the board. However, to facilitate further judicial review, if warranted, these issues are discussed below in order to help the ZBA understand how its findings are insufficient.

First the parties argue whether the "TO-GO" sign is a wall sign or a doorway sign. Second, the parties dispute the definition of a doorway sign under the zoning ordinance.

a. **Wall Sign**

As stated above, the ZBA concluded that the "TO-GO" sign counted as a wall sign. Despite the fact that the "TO-GO" sign was permitted as a wall sign in October 2008, Scarborough BBQ claims that the "TO-GO" sign was incorrectly characterized as a wall sign. Scarborough BBQ claims the CEO should have defined it as a doorway sign or a projecting sign. If the CEO did not count the "TO-GO" sign as a wall sign, then Scarborough BBQ's proposed new sign would have been permitted as the fourth wall sign under the Town's agreement with NEES. Upon examination of the record, the court notes that the "TO-GO" sign does not fit within the definition of a wall sign because it projects more than 12 inches from the wall. The 'TO-GO" sign is attached to the building at two mounting points, and the sign projects about three feet from the building. The court also notes that the "TO-GO" sign may fit within the definitions of doorway signs and projecting signs. Given the definitions under the Scarborough's

Zoning Ordinance, the record does not disclose how the ZBA classified the "TO-GO" sign as a wall sign.

### b. Doorway Sign

In the CEO's May 4, 2009 letter to Neokraft Signs, the CEO stated: "If the TO-GO sign was reduced in size to 10% of the doorway opening (see Section XII C 10) the TO-GO sign would not be considered a wall sign and would be allowed under the Sign Ordinance as an identification sign."[5] Scarborough BBQ argues that the "TO-GO" sign cannot be an identification sign because the sign does not include "the name of the business, place, organization, building, or person it identifies." *See Footnote 4.* Scarborough BBQ states that the "TO-GO" sign could be considered a direction sign or a doorway sign. If the sign were considered a doorway sign, then the question is raised: what is the area that qualifies as part of the doorway?

Scarborough BBQ argues that the definition of doorway is vague under the SZO. Upon examination of the record, "doorway" is not defined in the SZO. Scarborough BBQ argues for a broad definition of doorway. At the hearing Scarborough BBQ argued that the doorway at the restaurant included the area between the columns, extending up to the roof. In contrast, the CEO claimed at the hearing that the doorway should only include the glass doorway itself, and not the area around the glass doorway. The Town claims that at the hearing the "board reasonably agreed with the CEO's assessment that the doorway does not include the archway and columns surrounding the door," but the minutes do not

---

[5] In addition to Section XII(C)(10)'s 10% requirement noted in *Footnote 3*, Section XII(G)(2)(a) of the SZO (provided below) also provides a 10% dimensional requirement for wall and window signs.

> Total gross display area of all wall and window signs shall not exceed 10% of the area of the wall on which they are located.

reflect this. The minutes only show that a discussion about the size of the doorway took place. The Town argues for a plain meaning, dictionary definition interpretation of doorway. According to *Merriam-Webster's Collegiate Dictionary*, doorway is defined as "the opening that a door closes" and "an entrance into a building or room." *Merriam-Webster's Collegiate Dictionary*, 372 (11th ed. 2003).

If Scarborough BBQ's expansive definition of "doorway" were adopted, then the doorway at Scarborough BBQ would include the area between the columns, extending up to the peak of the roof, and would equal an area of 163.40 square feet. This means Scarborough BBQ's "TO-GO" sign would have to be smaller than 16.3 feet - 10% of the total area. Scarborough BBQ claims that the total area is less than six square feet. For purposes of the area calculation, Scarborough BBQ measures the narrow side of the sign (the side one would see if standing directly in front the of the doorway), which measures six feet by ten inches. *See Footnote 2*. The Town claims that a doorway sign should be no larger than 10% of the size of the glass door, which would mean that the "TO-GO" sign is too big to qualify as a doorway sign.

The ZBA must clarify how it characterizes the "TO-GO" sign under the SZO and must set forth its findings and conclusions.

Therefore, the entry is:

> Appeal is remanded to the Scarborough ZBA for findings of fact and conclusions.

Dated at Portland, Maine this ___4th___ day of ___February___, 200*0*

_____
Robert E. Crowley
Justice, Superior Court

9

Date Filed __07-07-09__     __CUMBERLAND__     Docket No. __AP-09-26__

County

Action ___80B APPEAL___

SCARBOROUGH BARBECUE, LLC d/b/a
    FAMOUS DAVE'S BAR-B-QUE

TOWN OF SCARBOROUGH

vs.

Plaintiff's Attorney

CHAD A. CLOUTIER, ESQ.
58 PARK STREET, SUITE 202
ROCKLAND, ME 04841

Defendant's Attorney

SHANA COOK MUELLER ESQ
PO BOX 9729
PORTLAND ME 04104

Date of
Entry