2007 ME 60

**Diann SANBORN et al.**

**v.**

**TOWN OF SEBAGO et al.**

Supreme Judicial Court of Maine.

Argued: April 9, 2007.
Decided: May 17, 2007.

Kenneth M. Cole III, Esq., Natalie L. Burns, Esq. (orally), Jensen Baird Garner & Henry, Portland, for plaintiffs.

Amy K. Tchao, Esq., Brian D. Willing, Esq. (orally), Drummond Woodsum & MacMahon, for Town of Sebago.

Scott D. Anderson, Esq. (orally), Verrill Dana LLP, Portland, for Brent Anderson.

Panel: SAUFLEY, C.J., CLIFFORD, ALEXANDER, CALKINS, LEVY, and SILVER, JJ.

CALKINS, J.

[¶ 1] Diann and Michael Sanborn, owners of land abutting a lot owned by Brent Anderson, appeal from a judgment entered in the Superior Court (Cumberland County, *Warren, J.*), determining that the Town of Sebago's Zoning Board of Appeals (ZBA) lacked jurisdiction to hear the Sanborns' appeal.[1] The ZBA affirmed the grant of a building permit to Anderson. The Sanborns and the Town of Sebago both argue that the court erred in holding that the ZBA lacked jurisdiction. We vacate the judgment, and we remand the matter for the ZBA to make further factual findings.

## I. BACKGROUND

[¶ 2] Anderson and the Sanborns own abutting properties on Peabody Pond Road in the Town of Sebago. Anderson, acting pursuant to the Sebago Shoreland Zoning Ordinance, applied to the Sebago Planning Board for approval to demolish a trailer on his property and replace it with a two-story house. In December 2004, the Planning Board held a meeting and approved the project subject to a few alterations. The Sanborns appealed the Planning Board's decision to the ZBA, citing multiple violations of the Shoreland Zoning Ordinance. The ZBA denied the Sanborns' appeal in February 2005, and the Sanborns did not appeal further to the Superior Court.

[¶ 3] In April 2005, the Town's code enforcement officer (CEO) granted Anderson a building permit pursuant to the Sebago Building Ordinance.[2] The Sanborns timely appealed the CEO's decision to issue the permit to the ZBA. In their appeal, the Sanborns alleged that Anderson's proposed house violates the Building Ordinance and the Shoreland

---

1. Brent Anderson and the Town of Sebago also cross-appeal from the Superior Court's conditional decision. Because the conditional decision is not a judgment that can be appealed, we do not discuss the attempted cross-appeal.

2. The Building Ordinance requires that "[p]rior to commencing the construction, alteration, relocation, or replacement of any building or part thereof, the owner or lessee, the architect, contractor or builder employed by such owner or lessee shall obtain a permit for such proposed work from the Code Enforcement Officer." Sebago, Me., Building Ordinance Part I, § 3(A) (June 27, 1973).

Zoning Ordinance. They alleged five issues: (1) the septic system plan violates both ordinances; (2) the site plan measurements are inaccurate; (3) the required setback from the road is not met; (4) too many trees were removed; and (5) the CEO told Anderson to move a property marker.

[¶ 4] The ZBA held a public hearing and issued findings relating to the five issues raised by the Sanborns. It found that (1) the septic system plan had been modified; (2) the measurement of Anderson's northeast property line is 148 feet and not 128 feet as claimed by the Sanborns; (3) the location of the road that borders Anderson's property "has never legally been determined"; (4) the CEO has diligently monitored the construction with respect to the Shoreland Zoning Ordinance and the Building Ordinance; and (5) the Sanborns did not pursue their claim regarding the moving of the property marker. The ZBA unanimously denied the Sanborns' appeal.

[¶ 5] The Sanborns appealed the ZBA's decision to the Superior Court pursuant to M.R. Civ. P. 80B. The Superior Court found that the ZBA did not have jurisdiction over the Sanborns' appeal for two

reasons. First, because 30–A M.R.S. § 2691(4) (2006)[3] requires municipal boards of appeal to have "precise" authorization "by charter or ordinance" to act, the Building Ordinance, which authorizes the ZBA to hear appeals only from denials— but not grants—of building permits, does not confer jurisdiction on the ZBA to hear the Sanborns' appeal, which is an appeal from the grant of a building permit. Second, the Shoreland Zoning Ordinance does not provide jurisdiction because the Sanborns appealed from the grant of a building permit that the Building Ordinance— not the Shoreland Zoning Ordinance—authorized.

## II.  DISCUSSION

### A.  Jurisdiction

■ [¶ 6] The jurisdiction of a town board of appeals is a question of law that must be ascertained from an interpretation of statutes and local ordinances, and it is reviewed de novo. *Salisbury v. Town of Bar Harbor*, 2002 ME 13, ¶ 8, 788 A.2d 598, 601.

[¶ 7] When a municipality adopts a zoning ordinance, it is required to establish a board of appeals. 30–A M.R.S. § 4353 (2006);[4] *see Thornton v. Lothridge*, 447

---

3. Title 30–A M.R.S. § 2691(4) (2006) states:

    4. Jurisdiction. Any municipality establishing a board of appeals may give the board the power to hear any appeal by any person, affected directly or indirectly, from any decision, order, regulation or failure to act of any officer, board, agency or other body when an appeal is necessary, proper or required. No board may assert jurisdiction over any matter unless the municipality has by charter or ordinance specified the precise subject matter that may be appealed to the board and the official or officials whose action or nonaction may be appealed to the board. Any board of appeals shall hear any appeal submitted to the board in accordance with Title 28–A, section 1054 [authorizing special permits for music, dancing, or entertainment].

4. Title 30–A M.R.S. § 4353 (2006) states in relevant part:

    § 4353.  Zoning adjustment
    Any municipality which adopts a zoning ordinance shall establish a board of appeals subject to this section.
    1. Jurisdiction; procedure. The board of appeals shall hear appeals from any action or failure to act of the official or board responsible for enforcing the zoning ordinance, unless only a direct appeal to Superior Court has been provided by municipal ordinance. The board of appeals is governed by section 2691, except that section 2691, subsection 2, does not apply to boards existing on September 23, 1971.

A.2d 473, 474–75 (Me.1982). The board of appeals has jurisdiction over two types of appeals. First, a board may exercise jurisdiction over "appeals from any action or failure to act of the official or board responsible for enforcing the zoning ordinance." 30–A M.R.S. § 4353(1). Second, a board has jurisdiction over "any [other] matter" so long as "the municipality has by charter or ordinance specified the precise subject matter that may be appealed." 30–A M.R.S. § 2691(4).

[¶ 8] The Sanborns appealed to the ZBA alleging violations of both the Shoreland Zoning Ordinance and the Building Ordinance. There is no dispute that the ZBA has jurisdiction, pursuant to section 4353(1), over "any action or failure to act of the official or board responsible for enforcing" the Shoreland Zoning Ordinance. The Shoreland Zoning Ordinance provides that the ZBA has the power "[t]o hear and decide appeals where it is alleged that there is an error in any order, requirement, decision, or determination made by, or failure to act by, the Code Enforcement Officer … in the enforcement or administration of this Ordinance."

Sebago, Me., Shoreland Zoning Ordinance § 16(G)(1)(a) (Mar. 2, 1991).

[¶ 9] The Superior Court concluded that the appeal provisions of the Building Ordinance govern the Sanborns' appeal because the CEO issued the building permit pursuant to the Building Ordinance and not pursuant to the Shoreland Zoning Ordinance. The Building Ordinance only speaks to appeals from the CEO's *refusal* to issue a building permit. The court reasoned that the Town is authorized to grant the ZBA jurisdiction only by specifying the "precise subject matter" of that jurisdiction, 30–A M.R.S. § 2691(4), and it did not specify that the grant of a building permit could be appealed to the ZBA. For that reason the court concluded that the ZBA is without jurisdiction over the Sanborns' appeal from the CEO's *grant* of Anderson's building permit.[5]

[¶ 10] The Town and the Sanborns argue that the Building Ordinance is a zoning ordinance,[6] and, in any event, the Sanborns were appealing violations of the Shoreland Zoning Ordinance. We need not reach the question of whether the Building Ordinance is a zoning ordinance because

---

5. In relevant part, the Building Ordinance states:

> Sec. 4. *APPEALS*
>
> A. In the case of refusal by the Code Enforcement Officer to issue a permit, appeal shall be to the Board of Appeals within sixty (60) days of the *denial*. The Board of Appeals may affirm or reverse the decision of the Code Enforcement Officer as to the interpretation of the provisions of this ordinance. In specific cases where the enforcement of this ordinance would involve practical difficulty or unnecessary hardships and where desirable relief may be granted without substantially departing from the intent and purpose of this ordinance, but not otherwise, the Board of Appeals may permit exceptions to and variations from the provisions of this ordinance.

Sebago, Me., Building Ordinance Part I, § 4(A) (June 27, 1973) (emphasis added).

6. Anderson argues that the Building Ordinance is not a zoning ordinance as defined by statute. A zoning ordinance is defined as "a type of land use ordinance that divides a municipality into districts and that prescribes and reasonably applies different regulations in each district." 30–A M.R.S. § 4301(15–A) (2006). *See Benjamin v. Houle*, 431 A.2d 48, 49–51 (Me.1981) (holding that a permit requirement imposed citywide is not a zoning ordinance, and therefore, the board of appeals is not required to review a planning board's denial of such a permit). Anderson points to the fact that the Building Ordinance does not divide the Town into districts and apply different regulations in each district. Rather, part I, section 1(A) of the Building Ordinance states that it applies uniformly within the Town of Sebago.

we conclude that the ZBA had jurisdiction over the Sanborns' appeal because it alleged violations of the Shoreland Zoning Ordinance. It would be a waste of resources for the ZBA to divide the appeal and decide only the issues related to the Shoreland Zoning Ordinance, while requiring the Sanborns to appeal the Building Ordinance issues to another forum, presumably to the Superior Court. Furthermore, the Town obviously recognized the expertise of the ZBA in Building Ordinance issues, having given it the express authority to hear appeals from denials of permits.

[¶ 11] As a matter of public policy, it is appropriate for the ZBA to take jurisdiction of Building Ordinance issues when a Shoreland Zoning Ordinance issue has been appealed to it. Requiring parties to litigate in court without first going through an administrative process is contrary to the policies that we have recognized in a number of cases in which we have held that people who are aggrieved by a decision of a CEO or a planning board must first take their case to the board of appeals. *See, e.g., Hodsdon v. Town of Hermon,* 2000 ME 181, ¶ 5, 760 A.2d 221, 222–23 (stating that even though the municipality has not enacted an ordinance giving the board of appeals the authority to hear a land use appeal, the plaintiff must go to the board of appeals before filing an appeal in the Superior Court); *Freeman v. Town of Southport,* 568 A.2d 826, 828 (Me. 1990) (recognizing the purpose of the board of appeals statutes is "to require

that disputes over zoning laws be reviewed, at least initially, by the local zoning board of appeals").

## B. The ZBA's Findings

■ [¶ 12] Having determined that the ZBA had jurisdiction over the Sanborns' appeal, we turn to the merits of the appeal. We review the decision of the ZBA directly for an abuse of discretion, error of law, or findings not supported by the evidence. *Hollenberg v. Town of Union,* 2007 ME 47, ¶ 5, 918 A.2d 1214, 1215.

[¶ 13] On the merits, the Sanborns argue that Anderson's new house violates the twenty-five-foot setback requirement. The Chair of the ZBA framed the issue at the start of the hearing as follows: "Issue No. 3, foundation hole for the house has been dug. The house line marked in blue on the ground is less than 25 feet from the road and Town building ordinances require a minimum of 25 feet setback." In its decision, the ZBA noted that the relevant provision in the ordinance requires that the building "be set back from the highway right-of-way at least twenty five feet." Sebago, Me., Building Ordinance Part II, § 1(D) (June 27, 1973).

■ [¶ 14] A decision of a zoning board of appeals, pursuant to 30–A M.R.S. § 2691(3)(E) (2006),[7] must include "a statement of findings and conclusions, as well as the reasons or basis for the findings and conclusions, upon all the material issues of fact, law or discretion presented." When a board of appeals is "required to make find-

---

7. Title 30–A M.R.S. § 2691(3)(E) (2006) states:

E. The transcript or tape recording of testimony, if such a transcript or tape recording has been prepared by the board, and the exhibits, together with all papers and requests filed in the proceeding, constitute the public record. All decisions become a part of the record and must include a statement of findings and conclusions, as well as the reasons or basis for the findings and conclusions, upon all the material issues of fact, law or discretion presented and the appropriate order, relief or denial of relief. Notice of any decision must be mailed or hand delivered to the petitioner, the petitioner's representative or agent, the planning board, agency or office and the municipal officers within 7 days of the board's decision.

ings of fact to support a decision, the findings must be adequate to indicate the basis for the decision and to allow meaningful judicial review." *Carroll v. Town of Rockport*, 2003 ME 135, ¶ 27, 837 A.2d 148, 156. When a board of appeals "fails to make sufficient and clear findings of fact and such findings are necessary for judicial review, we will remand the matter to the ... board to make the findings." *Id.* ¶ 30, 837 A.2d at 157.

[¶ 15] With regard to the issue raised on appeal that Anderson's building was within the twenty-five-foot setback from the road as required by the Building Ordinance, the ZBA noted that the relevant provision from the ordinance required that the building "be set back from the highway right-of-way at least twenty five feet." The ZBA found that Anderson had begun construction of the dwelling. In the section of its decision entitled "FINDINGS OF FACT" there is no further discussion of the twenty-five-foot setback except a notation that it is an issue raised by the Sanborns. In the section of its decision entitled "CONCLUSIONS," the ZBA states: "A discussion about the 25-foot setback from the road right-of-way revealed that although the Town of Sebago accepted Peabody Pond Road in 1968, the actual location and description of said right-of-way has never legally been determined." There are no other conclusions regarding this issue.

[¶ 16] The fact that the location of the road "has never legally been determined" may be of some significance with regard to whether the setback requirement can be or is being met, but the ZBA has not stated what that significance is and we are at a loss to know from that finding or conclusion what the ZBA found regarding the actual or proposed location of the dwelling. Meaningful judicial review is not possible on the setback issue without an appropriate finding.

■ [¶ 17] When an agency has a statutory duty to make findings of fact and the agency fails to do so, the appropriate remedy is a remand to the agency to make the findings. *Widewaters Stillwater Co. v. Bangor Area Citizens Organized for Responsible Dev.*, 2002 ME 27, ¶ 12, 790 A.2d 597, 601. Because the findings here are insufficient for appellate review, we must remand.

The entry is:

Judgment vacated. Case remanded to Superior Court with instructions to remand to the Town of Sebago Zoning Board of Appeals for further proceedings consistent with this opinion.