SAUFLEY, C.J.,
concurring.
[¶ 24] I join the Court’s opinion, and I write separately to emphasize that variations and ambiguities in the application of legislatively established time frames for appeal in state and local administrative laws may create confusion for both proponents and opponents of particular administrative actions, and contribute significantly to increased costs and delay in such appeals.
[¶ 25] The date from which the time runs for an administrative appeal, whether it is from a state or local agency decision or other administrative action, varies widely in the law. Because an appellate filing deadline is jurisdictional, any failure to meet the deadline requires that the appeal be dismissed, as has occurred here. See Fournier v. Dep’t of Corrs., 2009 ME 112, ¶¶ 2, 7, 983 A.2d 403. Thus, although it may be difficult to identify the date when the time for filing any appeal starts to run and the date when it expires, identification of the proper filing date is critically important.[6]
*1131 [¶26] Unfortunately, the laws are replete with traps for the unwary. For appeals from state agency decisions, the generally applicable Administrative Procedure Act (APA) specifies that a party must appeal within 30 days “after receipt of notice” of an agency action, but that others who assert that they are aggrieved and want to appeal have 40 days to seek appellate review of final agency action “from the date the decision was rendered.” 5 M.R.S. § 11002(3) (2014).[7] This language raises considerable ambiguity as to whether the “notice” to trigger running of the appeal clock may be a vote of an agency, a mailing of a written notice, or some later receipt of a written notice of either the vote or a written decision. Moreover, the APA does not govern appellate time frames in all administrative appeals from state agency decisions. In some areas, the Legislature has selectively varied the time frames and triggering events for appellate review.[8] Further confusion arises because some decisions must be made in writing, and the law is silent on the operative decision in other instances.
[¶ 27] Similarly, with respect to appeals from local decisions, time frames may vary depending on the nature of the local government action and whether the appeal is taken from a planning board decision, board of appeals decision, action of a local legislative body, or other municipal or county action. For example:
• Appeals from decisions of local boards of appeals must be filed “within 45 days of the date of the vote on the original decision,” 30-A M.R.S. § 2691(3)(G) (2014);
• Appeals challenging the validity of an amendment to a zoning ordinance or map for failure to comply with the proper notice requirements must be filed “within 30 days after the adoption of the amended ordinance or map,” 30-A M.R.S. § 4352 (2014); and
• Appeals challenging the damages awarded after a local district’s exercise of its eminent domain power must be initiated “by filing a complaint in [Superior] [C]ourt and serving the district with a copy of the complaint within 60 days from the date of the recording in the registry of deeds,” 30-A M.R.S. § 3510(2) (2014).
[¶ 28] Although we have made efforts to clarify the process and time limits as they apply to certain appeals, see Gorham *1132 v. Androscoggin Cnty., 2011 ME 63, ¶¶ 8-20, 21 A.3d 115; see also M.R. Civ. P. 80B, 80C, confusion remains.[9] The appeal before us today is an example of the difficulties caused by the imprecise or varying language that triggers appellate time frames. When even those jurists who regularly apply and interpret the time frames set by the Legislature or by local ordinances cannot agree on their meaning or applicability, it is undoubtedly also difficult for the public and the Bar to do so.
[¶ 29] It would greatly benefit the people of the State of Maine if the Legislature undertook a thorough review of the events that trigger the running of the time for appellate review for both state and municipal appeals to establish a single, consistent, and understandable triggering event and time frame for seeking appellate review.

. In municipal appeals, the process is complicated further by potential difficulties in identifying the decision-maker. Identifying the local decision-maker is important to a court’s understanding of the purpose of a hearing held in a municipal matter, the issues that were considered at that hearing, the deference that a reviewing court may accord to any resulting decision, and — relevant to the issue before us here — the time frame for taking an appeal. I provide the following examples:
• In some instances, it may appear that a party is authorized to appeal directly to the Superior Court from a decision of a code enforcement officer or a planning board, but such a direct appeal is not proper if a party must first appeal to a municipal board of appeals. See Wister v. Town of Mt. Desert, 2009 ME 66, ¶ 15, 974 A.2d 903; Sanborn v. Town of Sebago, 2007 ME 60, ¶¶6-11, 924 A.2d 1061; Thomas v. City of S. Portland, 2001 ME 50, ¶ 2, 768 A.2d 595.
• Occasionally, a municipal decision-maker is characterized as acting on appeal but conducts a de novo hearing and becomes the fact-finding entity whose decision is reviewed on appeal. See Peregrine Developers, LLC v. Town of Orono, 2004 ME 95, ¶ 9, 854 A.2d 216; Griffin v. Town of Dedham, 2002 ME 105, ¶6, 799 A.2d 1239, abrogated on other grounds by, Isis *1131 Dev., LLC v. Town of Wells, 2003 ME 149, ¶ 3, 836 A.2d 1285.
• Sometimes, a board of appeals acts only in an appellate’capacity and cannot decide de novo an issue brought to a planning board, see Gensheimer v. Town of Phippsburg, 2005 ME 22, ¶¶5-18, 868 A.2d 161, or a code enforcement officer, see Mills v. Town of Eliot, 2008 ME 134, ¶¶ 13-16, 955 A.2d 258.
• Sometimes, a board of appeals must decide a matter de novo, unless the local ordinance specifies that it is to hear the matter as an appeal. See Stewart v. Town of Sedgwick, 2000 ME 157, ¶¶ 6-7, 15, 757 A.2d 773.

. For local agency decisions, M.R. Civ. P. 80B(b) requires that an appeal "be filed within 30 days after notice” of the agency action.

. For example:
• Title 19-A M.R.S. § 2309(6) (2014) provides for the right to appellate review "within 30 days of the date of the decision" of the Department of Health and Human Services regarding whether or not a responsible parent must pay the health care coverage for his or her dependent children;
• Title 35-A M.R.S. § 1320 (2014) and M.R.App. P. 2(b)(3) provide for the right to appellate review within 21 days "from a final decision of the [Public Utilities] [C]ommission”; and
• Title 36 M.R.S. § 151(2)(F)(1) (2014) provides for the right to appellate review "within 60 days after receipt of the reconsidered decision" for a person petitioning the State Tax Assessor for reconsideration of a determination or assessment.

. Adding to the confusion is the different time frame established for appealing from an agency’s failure or refusal to act on a specific application. A party must appeal from a local government entity’s failure or refusal of an agency to act — to the extent that failure to act can be differentiated from a delayed response — "within six months after expiration of the time in which action should reasonably have occurred.” M.R. Civ. P. 80B(b). The time for appealing a failure or refusal to act by a state agency, set by 5 M.R.S. § 11002(3) (2014), is the same — six months after expiration of the time within which the agency action "should reasonably have occurred.” When an action "should reasonably have occurred” can be the subject of spirited debate.