MAINE SUPREME JUDICIAL COURT                                    Reporter of Decisions
Decision:     2015 ME 47
Docket:       Som-14-361
Argued:       April 9, 2015
Decided:      May 5, 2015

Panel:        SAUFLEY, C.J., and ALEXANDER, MEAD, GORMAN, JABAR, and HJELM, JJ.

HARRY BROWN et al.

v.

TOWN OF STARKS et al.

PER CURIAM

[¶1]  Harry and Cindy Brown appeal from a judgment of the Superior Court (Somerset County, *Horton, J.*) affirming the Town of Starks Board of Appeals' (SBA) dismissal of their appeal from a decision of the Town of Starks Planning Board that allowed a cellular telephone tower to be constructed and operated in Starks.  The Browns argue that the SBA erred by failing to conduct a de novo review of the Planning Board's decision.[1]  Because the Browns failed to preserve this issue for appeal, we affirm.

---

[1]  In addition to their argument that the SBA was statutorily required to conduct a de novo review of their appeal, the Browns also argue that the ambiguity in the Starks Board of Appeals Ordinance resulted in a violation of the separation-of-powers clause of Me. Const. art III.  We consider this argument to be derivative of the first, and equally unpreserved for our review.

## I.  BACKGROUND

[¶2]  On June 5, 2013, Bay Communications II, LLC (Bay) applied to the Town of Starks Planning Board for site plan approval to build and operate a cellular telephone tower on property located on Abijah Hill Road.  Harry and Cindy Brown own property that abuts the parcel on which the tower would be placed.  After holding a public hearing on Bay's application in which the Browns participated, the Planning Board members unanimously voted to approve Bay's application.

[¶3]  On September 19, 2013, the Browns filed an application to appeal the Planning Board's decision to the SBA.  During an October 17 meeting, the Town's attorney advised the SBA regarding the procedure that should govern the Browns' appeal, and the meeting minutes summarized the attorney's advice as follows:

- We are not re-trying the case.  Only looking at what the Planning Board did.
- We can only look at documents that the Planning Board looked at.
- We can't create new issues.  If not brought up to Planning Board, we don't discuss.
- Burden of proof is on [Browns].  It's not our job to "dig" for them.
- We're limited to determining if [the Planning Board] acted lawfully with the info[rmation] it had.
- If that info[rmation] was [based on] "Competent Evidence," we don't take issue with it.

In its January 9, 2014, response to the Browns' appeal, Bay acknowledged that the SBA "is acting strictly in an appellate capacity" and is "not conducting a de novo review, meaning that no new evidence may be submitted at this time."

[¶4]  On January 23, 2014, the SBA held a meeting to consider the Browns' appeal.  It unanimously determined that the Planning Board's decision was lawful and based on competent record evidence, and ultimately voted to deny the Browns' appeal.  At no point before the January meeting did the Browns challenge the SBA's standard of appellate review or argue that it should conduct a de novo review of the Planning Board's decision.[2]

[¶5]  The Browns appealed the SBA's decision to the Superior Court pursuant to M.R. Civ. P. 80B, arguing for the first time that the SBA should have reviewed the Planning Board's decision de novo.  The court affirmed the SBA's decision, finding that it appropriately acted "solely in an appellate capacity and . . . only reviewed the Planning Board's decision for errors."  The Browns appealed to us.

## II.  DISCUSSION

[¶6]  In order to preserve an issue for appellate review, a party must timely present that issue to the original tribunal; otherwise, the issue is deemed waived.

---

[2]  In their appeals application the Browns listed nineteen issues for the SBA's consideration on appeal, none of which urged the SBA to conduct a de novo hearing.

4

*See Ford Motor Co. v. Darling's*, 2014 ME 7, ¶ 41, 86 A.3d 35. The preservation rule ensures that the decision-making body has the opportunity to consider the issue and correct any perceived error in order to avoid having its decision vacated or remanded after an appeal. *See Wells v. Portland Yacht Club*, 2001 ME 20, ¶ 5, 771 A.2d 371; Alexander, *Maine Appellate Practice* § 402(a) at 242-43 (4th ed. 2013). It also ensures that any appellate review is informed by a ruling of the original tribunal. Alexander, *Maine Appellate Practice* § 402(a) at 242-43. "An issue is raised and preserved if there was a sufficient basis in the record to alert the court and any opposing party to the existence of that issue." *Verizon New England, Inc. v. Pub. Utils. Comm'n*, 2005 ME 16, ¶ 15, 866 A.2d 844 (quotation marks omitted).

[¶7] The SBA, the municipal decision-maker here, determined that it was limited to reviewing the Planning Board's decision in an appellate capacity. Despite participating in the municipal proceeding and having the opportunity to object to the SBA's standard of review before the SBA's January 23 meeting, the Browns failed to challenge that determination. Because the record is devoid of any procedural challenge at the municipal level, the SBA was not afforded the opportunity to consider the Browns' challenge and develop the record regarding its standard of review determination. As a result, the issue has not been preserved for our review.

The entry is:

Judgment affirmed.

_____

**On the briefs:**

Lynne Williams, Esq., Bar Harbor, for appellants Cindy and Harry Brown

Kenneth A. Lexier, Esq., Wright & Mills, P.A., Skowhegan, for appellee Town of Starks

Mary E. Costigan, Esq., Bernstein Shur, Portland, and Jonathan S. Springer, Esq., Portsmouth, New Hampshire, for appellee Bay Communications II, LLC

**At oral argument:**

Lynne Williams, Esq., for appellants Cindy and Harry Brown

Jonathan S. Springer, Esq., for appellee Bay Communications II, LLC

Somerset County Superior Court docket number AP-2014-03
For Clerk Reference Only