STATE OF MAINE                                    SUPERIOR COURT

Cumberland, ss.


CALPINE CORPORATION and
WESTBROOK ENERGY CENTER, LLC

            Plaintiffs-Appellants

        v.                              Docket No. PORSC-AP-18-012

CITY OF WESTBROOK,

STATE OF MAINE
Cumberland, ss. Clerk's Office

OCT 11 2018
10:49 a.m.
RECEIVED

            Defendant-Appellee

        and

IDEXX LABORATORIES, INC. and
IDEXX REAL ESTATE HOLDINGS, LLC

            Parties-in-interest

## DECISION AND JUDGMENT

This case presents an appeal pursuant to M.R. Civ. P. 80B by Plaintiffs Calpine Corporation("Calpine") and Westbrook Energy Center, LLC ("WEC") from the Westbrook Planning Board's approval of a site plan application filed by Party-in-interest Idexx Laboratories, Inc. regarding property owned by Party-in-interest Idexx Real Estate Holdings, LLC.

Oral argument on the appeal was held October 1, 2018, after which the court took the case under advisement. Because the challenged approval decision was based on substantial evidence and not on any errors of law or abuse of discretion, the court affirms the decision and denies this appeal.

*Factual Background*

Plaintiffs Calpine and WEC are Delaware corporations conducting business in the State of Maine. (Pl.'s Compl. ¶ ¶ 2-3.) WEC is an affiliate of Calpine. (Pl.'s Compl. ¶ 4.) Calpine operates a natural gas-fired combine-cycle energy generation facility in Westbrook, Maine on a parcel of land owned by WEC (the "Calpine Facility"). (Pl.'s Compl. ¶¶ 9-10.)

IDEXX Laboratories Inc. ("IDEXX") is a Delaware corporation that operates a facility in Westbrook, Maine north of the Calpine Facility (the "IDEXX Facility"). (Pl.'s Compl. ¶¶ 6, 8.) The facility is located on land owned by IDEXX Real Estate Holdings, LLC and land which is leased from Central Maine Power ("CMP"). (Pl.'s Compl. ¶¶ 8, 24).

The City of Westbrook ("Westbrook" or the "City") is a municipality located in Cumberland County, Maine. (Pl.'s Compl. ¶ 5.) Westbrook's City Code subjects certain site plans and subdivision plans to be reviewed and approved by the Westbrook Planning Board (the "Board"). Westbrook, Me., Land Use Ordinances § 204.1.

In February of 2018, IDEXX met with the Board to begin the process of acquiring Board approval for a new road and a series of parking lots that IDEXX planned to construct in between the IDEXX Facility and the Calpine Facility. (R. 453-55.) On February 6, 2018, the Board and IDEXX held a workshop to discuss the site plan. (R. 476-81.) IDEXX submitted a formal plan to the Board in March and held a walkthrough of the site on March 17, 2018. (R. 456.)

On April 3, 2018, the Board held a public hearing to discuss IDEXX's new road and parking lot expansion. (R. 490.) During this hearing a Calpine representative raised concerns that this project may affect Calpine's security procedures on its property. (R. 487-88.) The Calpine representative also stated that Calpine had superior rights to the road and that Calpine's access rights must not be interrupted. (R. 488.) After listening to all comments at the hearing, the Board concluded that Calpine's concerns were private matters that should be resolved between Calpine and Idexx, rather than resolved by the Board. (R. 490.) The Board approved IDEXX's site plan unanimously and adopted a March 30, 2018 memo as its findings of fact, conclusions, and conditions of approval. (R. 492-94.)

*Procedural History*

Calpine and WEC filed this appeal pursuant to M.R. Civ. P. 80B on May 2, 2018. Their complaint contained three counts. Count I claims that the Board's finding that the IDEXX site plan would not negatively impact the City's safety services was not supported by evidence. Count II claims the record fails to show that IDEXX held sufficient right, title, and interest in the roadways to conduct its projects. Count III claims the Board's finding that the project site is "adequate" is not supported by the record and fails to meet the required review criteria stated in the Westbrook Land Use Ordinance. (Pl.'s Compl. ¶¶ 97-102.) Calpine asks the court to remand the case to the Westbrook Planning Board for further findings and, possibly, further taking of evidence.

3

Plaintiffs filed their brief on June 20, 2018. Their brief did not address the claim in Count III of the complaint, so that issue is deemed waived. Their brief did address the claims in Counts I and II. The parties-in-interest filed a brief in opposition on July 27, 2018. Defendant City of Westbrook filed its brief on July 30, 2018. The Plaintiffs-Appellants filed a reply brief on August 16, 2018.

*Discussion*

I.    Standard of Review

A court reviews planning board decisions for errors of law, abuse of discretion, or findings not supported by substantial evidence in the record. *Sproul v. Town of Boothbay Harbor*, 2000 ME 30. ¶ 8, 746 A.2d 368.

A board's findings must be supported by substantial evidence in the record. For purposes of a Rule 80B appeal, "substantial evidence" is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Gorham v. Cape Elizabeth*, 625 A.2d 898, 903 (Me. 1993) (quoting *Hrouda v. Town of Hollis*, 568 A.2d 824, 826 (Me. 1990)). If the record contains evidence that reasonably supports the Board's findings, "the fact that the record contains inconsistent evidence or inconsistent conclusions could be drawn from the evidence does not invalidate the Board's holding." *Herrick v. Town of Mech. Falls*, 673 A.2d 1348, 1349-50 (Me. 1996) (quoting *Boivin v. Town of Sanford*, 588 A.2d 1197, 1199 (Me. 1991)).

The court may not substitute its judgment for that of the board. *Tarason v. Town of S. Berwick*, 2005 ME 30, ¶ 6, 868 A.2d 230. The findings of the Board must

4

be upheld unless Calpine can demonstrate that "no competent evidence supports the [Board's] conclusions." *Adelman v. Town of Baldwin*, 2000 ME 91, ¶ 12, 750 A.2d 577.

II.     Preservation of Argument Regarding Public Safety Service Impact.

As a threshold matter, the Defendant City contends that Calpine failed to preserve the issue of whether the Board adequately considered the impact on public safety services for appellate review. (Def.'s Br. 3-5.) Calpine contends it did preserve the issue for appellate review. (Pl.'s Reply Br. 6-10.)

To preserve an issue for appeal, a party must raise the objection before the adjudicating authority in a manner that allows the adjudicating authority to address the issue initially, before the issue is addressed on appeal. *See Wells v. Portland Yacht Club*, 2001 ME 20, ¶ 5, 771 A.2d 371. A party is deemed to have raised and preserved an objection if "there was a sufficient basis in the record to alert the [board] and any opposing party to the existence of that issue." *Brown v. Town of Starks*, 2015 ME 47, ¶ 6, 114 A.3d 1003.

On this question, the court agrees with Calpine. Calpine voiced concerns about the possibility that the new road would create a strain on public safety services to the Board and IDEXX during the Public Hearing on April 3, 2018. (R. 487-88.) ("there are stiff penalties for not complying with [the] monitoring guidelines and whenever there is suspicious activity, local law enforcement is alerted."). Additionally, the Board considered the issue before making a final decision, clearly indicating that the Board took notice of the issue. (R. 490.) ("The only issue that was not resolved is the Calpine issue.").

5

III.    Adequacy of Board's Finding on Public Safety Service Impact.

Calpine asserts that no factual findings supported the Board's determination that the IDEXX site plan would not hinder the City's ability to provide public safety services. (Pl.'s Br. 9.)    Calpine's Rule 80B complaint claims that Calpine's security gate is within 30 feet of the newly approved road leading to the new Idexx parking lots—so close that Calpine may have to call the Westbrook police or federal authorities whenever a car comes up Calpine Drive to turn right onto the new road—possibly resulting in hundreds of calls a day to the police.    This articulation of Calpine's concern is much more specific than the general security concern that Calpine expressed at the Planning Board hearing.

In any event, it is important to note that the public safety issue that Calpine contends should have been investigated and resolved by the Planning Board is not presented or raised by any particular aspect of Idexx's proposed project, but instead is presented and raised by how Calpine claims it may respond to the project.

At issue in this case is whether the Board's determination that Idexx's proposal did not present a negative impact on the City's safety services was supported by "substantial evidence." *See* (Pl.'s Compl. ¶¶ 97-102.)

The court concludes that the Board properly and adequately considered whether the IDEXX site plan would impact public safety services and that its decision was supported by "substantial evidence."    Prior to approving the project, the Board had conducted a workshop on February 6, 2018, a site walkthrough on March 17, 2018, and held a public hearing on April 3, 2018. (R. 482-95.)    During the February

6

6 workshop the Board heard comments about public safety services aspects of Idexx's proposal, including fire safety comments, (R. 476-77.), and police safety comments, (R. 478.)

Nothing in the Code compelled the Planning Board to take evidence on the potential for Idexx's project to result in multiple calls to the police by Calpine. In fact, the only evidence required by the Code on matters of public safety consists of statements from the Fire Chief on fire safety issues and statements from the Police Chief "relative to traffic circulation." City of Westbrook Code of Ordinances sec. 501 Subdivision Final Plan Submission Requirements (R. 513); *id.* sec. 504 Site Plan Review and General Provisions (R. 531). The record before the Planning Board included detailed comments by the Fire Chief and the Police Chief, with the Police Chief's comments focused on the traffic and parking aspects of the proposed project, consistent with the Code. (R. 478).

The Board also heard substantial evidence during the public hearing about traffic concerns and solutions from IDEXX's traffic engineer. (R. 484-86.) The March 30 Memo, that the Board adopted upon its approval of the plan, found that the proposed plan would not negatively impact the City's ability to provide public safety services. (R. 458.) This finding is clearly supported by "substantial evidence" contained in the site plan application, the site walkthrough, and the testimony given at the public hearing. *See Adelman*, 2000 ME 91, ¶ 14, 750 A.2d 577 (finding that testimony provided at a hearing constituted "substantial evidence"); *Sproul*, 2000 ME 30 ¶ 9, 746 A.2d 368 (finding that a site visit constituted "substantial evidence").

7

Calpine's argument that the Board did not properly consider whether public safety services would be impacted due to the security concerns at Calpine's entrance is incorrect. (Pls. Br. 11-12.) The record is clear that the Board did hear and consider the concern (R. 487-88) and decided that the concern needed to be resolved between Calpine and Idexx. (R. 490-91). *See Sproul*, 2000 ME 30. ¶9, 746 A.2d 368 (determining that evidence in the record that contradicts the Board's finding does not create a lack of "substantial evidence").

The Board also acted within its discretion in viewing Calpine's concern as a private issue between abutting property owners that did not justify either denial of the application or further investigation. Having heard Calpine's concern, the Board could have found that the concern did not raise any question about a negative impact on public safety services for purposes of the City Code, given that the public safety focus of the Code provisions in question was on traffic and fire safety.

The Board acts as the fact finder and may weigh contradicting evidence. *Gorham*, 625 A.2d at 903. *See Adelman*, 2000 ME 91, ¶ 14, 750 A.2d 577 ("The Board is not bound to accept any particular evidence as true; as fact-finder, it has the obligation to determine credibility."). The Board was not required to investigate every concern and create a factual record for every concern. *See York v. Town of Ogunquit*, 2001 ME 53, ¶ 14, 769 A.2d 172 ("[A]gencies are required to make written factual findings sufficient to show the applicant and the public a rational basis of its decision, the agency is not required to issue a complete factual record").

8

Calpine's position, in effect, is that the court should substitute its judgment for that of the Planning Board and decide that the Board was compelled to investigate further a public safety issue triggered, not by any aspect of the Idexx proposal, but by Calpine's response to traffic. But the court cannot substitute its judgment for that of the Board. *Tarason*, 2005 ME 30, ¶ 6, 868 A.2d 230. Therefore, if, as is the case here, when the Board's decision is one that a reasonable mind could reach based on the record, the court will not overturn the Board's decision. *See Gorham*, 625 A.2d at 903 (holding that the Board's denial of a project would not be overturned even though the Board 's decision was contradicted by expert opinions on the record).

IV.    Calpine's Claimed Superior Right of Access to Calpine Drive.

At the public hearing on April 3, 2018, Calpine voiced its concern that the IDEXX Project may interfere with Calpine's easement over Calpine Drive. (R. 487.) The Board considered this information, finding that Calpine Drive was a public street and that the traffic impact associated with the project would not restrict Calpine's access. (R. 490.)

Calpine argues on appeal that the Board could and should have made its approval conditional upon the Idexx development not infringing Calpine's rights. (Pl.'s Reply Br. 12.) However, the Board decided not to make this a condition on approval. (R. 492-95.)    There was ample "substantial evidence" contained in IDEXX's application that supported the Board's determination that the traffic associated with IDEXX's project would not interfere with Calpine's ability to use or access Calpine Drive. *See* (R. 170-205.) Moreover, Idexx needed only to make a prima

9

facie showing of its right of access over Calpine Drive. With that showing made, the Board determined that the status of Idexx's right vis-à-vis Calpine's right was an issue that should be settled privately between the parties, not by the Board. (R. 490.) A contrary decision would have put the Planning Board in the inappropriate role of adjudicating the parties' respective property rights in Calpine Drive.

*Conclusion*

For the foregoing reasons, it is ORDERED AND ADJUDGED AS FOLLOWS:

1.  The April 3, 2018 decision of the Westbrook Planning Board approving Idexx Laboratories, Inc.'s site plan application is hereby affirmed.

2.  The Plaintiffs' appeal is denied.

3.  Judgment is rendered in favor of Defendant City of Westbrook against Plaintiffs, with recoverable costs, *see* M.R. Civ. P. 54(d).

Pursuant to M.R. Civ. P. 79(a), the Clerk is hereby directed to incorporate this Decision by reference in the docket.

Dated October 10, 2018

_____
A. M. Horton, Justice

Entered on the Docket: 10·11·18

10

*Calpine Corporation, et al. vs. City of Westbrook, et al.* PORSC-AP-18-012

**Attorney for Plaintiff:**

Jeff Selser, Esq.
Fletcher, Selser & Devine

**Attorneys for Defendant:**

Natalie Burns, Esq.
Mark Balfantz, Esq.
Jensen Baird Gardner Henry

**Attorney for PII (IDEXX):**

David Kallin, Esq.
Drummond Woodsum