MAINE SUPREME JUDICIAL COURT                          Reporter of Decisions
Decision:       2026 ME 15
Docket:         Yor-25-31
Submitted
  On Briefs:    October 29, 2025
Decided:        February 24, 2026

Panel:          MEAD, LAWRENCE, DOUGLAS, and LIPEZ, JJ.

JANET DREW et al.

v.

TOWN OF YORK et al.

LIPEZ, J.

[¶1]  After the Town of York Planning Board approved an application by New Cingular Wireless PCS, LLC, to install a new wireless communications facility, Janet Drew and Linda Molda (collectively, the neighbors) appealed to the Town of York Board of Appeals.  The Board denied the neighbors' administrative appeal and the Superior Court (York County, *Martemucci, J.*), operating pursuant to M.R. Civ. P. 80B, affirmed the Board's decision.  The neighbors now appeal to us, claiming that the Board erred in concluding that the project complies with provisions in the Town's Wireless Communications Facilities Ordinance having to do with fencing and setback requirements.  We conclude that the neighbors have not preserved their argument regarding the fencing requirements.  We further conclude that although the neighbors have

preserved their argument regarding the setback requirements, the Board's findings on this issue are insufficient for appellate review. We accordingly remand this matter to the Superior Court with instructions to remand the case to the Board for further findings.

## I. BACKGROUND

[¶2] On January 8, 2024, the York Planning Board approved an application by New Cingular Wireless to install six antennas on top of the York Water District water tower. The neighbors filed an application for an administrative appeal with the Board of Appeals, asserting that the project violates the Town's Wireless Communications Facilities Ordinance.

[¶3] In April 2024, the Board held a public, de novo hearing on the appeal. The neighbors testified that the project "violates [the Ordinance's] setbacks for residential structures on neighboring properties." In response, the Board asked New Cingular Wireless to provide a survey to help the Board assess whether the project met applicable setback requirements; the Board then adjourned the hearing to be continued at a later date.

[¶4] The next month, New Cingular Wireless presented an updated site plan showing the distances between the proposed project and nearby residential structures. At the conclusion of the hearing, the Board voted

unanimously to deny the appeal. In a written decision issued on May 28, 2024, the Board made the following findings:

> At the April 10 meeting [the neighbors] fully presented the basis for their appeals and the [New Cingular Wireless] representative made the Omnibus response. The [B]oard requested of [New Cingular Wireless], for the next meeting, that a more accurate survey be made identifying setbacks of the project to all surrounding residential structures. [New Cingular Wireless] presented this undated information at the May 8 meeting to the satisfaction of the [B]oard.

[¶5] The neighbors then filed in the Superior Court a timely Rule 80B complaint for review of the Board's decision. *See* 30-A M.R.S. § 2691(3)(G) (2025); M.R. Civ. P. 80B; York, Me., Zoning Ordinance § 18.8.3.6 (Nov. 7, 2023). The neighbors argued, as relevant here, that the project did not meet the Ordinance's setback or fencing requirements. By judgment entered January 9, 2025, the court affirmed the Board's decision. The neighbors timely appealed. *See* M.R. Civ. P. 80B(n); M.R. App. P. 2B(c)(1).

## II. DISCUSSION

[¶6] On appeal, the neighbors again assert that the project does not comply with provisions of the Wireless Communications Facilities Ordinance regarding fencing and setbacks from adjacent residential properties.

4

## A. Preservation of Issues

[¶7] We first address the parties' disputes as to which issues the neighbors have preserved for appellate review. "In order to preserve an issue for appellate review, a party must timely present that issue to the original tribunal; otherwise, the issue is deemed waived." *Brown v. Town of Starks*, 2015 ME 47, ¶ 6, 114 A.3d 1003. "An issue is raised and preserved if there was a sufficient basis in the record to alert the [decision maker] and any opposing party to the existence of that issue." *Id.* (quotation marks omitted).

[¶8] We conclude that the neighbors have not preserved their argument that the project lacks the type of perimeter fencing that the Ordinance requires. The neighbors' application for administrative appeal made no mention of the project's failing to comply with applicable fencing requirements, nor did the neighbors raise this issue at either of the public hearings or in their written submission to the Board. We therefore deem the issue waived. *See id.* ¶¶ 6-7.

[¶9] By contrast, the neighbors have repeatedly raised the setback issue, beginning with their application for an administrative appeal, where they asserted that the project violates section 1.9(F)(4) of the Wireless Communications Facilities Ordinance, which requires that a wireless communications facility be located a minimum of sixty-five feet from

residential structures on abutting properties. *See* York, Me., Wireless Communications Facilities Ordinance § 1.9(F)(4) (Nov. 8, 2016). The neighbors continued to press this argument at the hearing before the Board, testifying that they had measured the distances between the water tower and their residential structures and that the "measurements all came [in] under sixty feet." The neighbors also submitted written testimony in which they argued that New Cingular Wireless incorrectly measured from the water tower rather than from the perimeter fencing.[1] In response, the Board asked New Cingular Wireless to provide a survey identifying the distances between the project and abutting residential structures, making apparent that the neighbors had successfully alerted the Board and New Cingular Wireless to the existence of the issue. *See Brown*, 2015 ME 47, ¶ 6, 114 A.3d 1003. The neighbors have therefore preserved for appellate review the issue of whether the project complies with the Ordinance's setback requirements.

**B.    Setback Requirements**

[¶10]  We review the decision of the Board as "the operative decision of the municipality" because the Board conducted a de novo review of the Planning Board's decision. *See McCallion v. Town of Bar Harbor*, 2025 ME 58,

---

[1] The neighbors did not clarify why they, too, had measured from the water tower if they believed that that was the incorrect starting point.

6

¶ 2, 340 A.3d 37 (quotation marks omitted); York, Me., Wireless Communications Facilities Ordinance § 1.12; York, Me., Zoning Ordinance §18.8.3; 30-A M.R.S. § 2691(3)(C).

[¶11]  As noted, the Ordinance requires that all wireless communications facilities "shall be located a minimum of sixty-five (65) feet from any residential structure located on any abutting property at the time the structure is initially constructed, unless the affected abutting property owner waives this requirement."  *See* York, Me., Wireless Communications Facilities Ordinance § 1.9(F)(4).  The Ordinance further provides:

> The setback shall be the separation of the corresponding border of the footprint of the base area of the [wireless communications facility], as defined by the required fencing, from the property lines, buildings, or other feature from which the setback is defined.  It shall not refer to the center point of the [wireless communications facility].

*Id.* § 1.9(F).

[¶12]  The neighbors raise two arguments: (1) because the Board did not require New Cingular Wireless to install the type of fencing typically required of wireless communications facilities, the Board has effectively eliminated or made it impossible to determine whether the project complies with the Ordinance's setback requirements; and (2) if the setback is measured from a pre-existing fence surrounding the water tower—as the neighbors contend the

Ordinance requires—then the project is too close to adjacent residential structures.

[¶13]  We are unable to reach the merits of this issue because the Board failed to make sufficient findings.  *See* 30-A M.R.S. § 2691(3)(E); York, Me., Zoning Ordinance § 18.8.3.4; *Sanborn v. Town of Sebago*, 2007 ME 60, ¶ 14, 924 A.2d 1061.  "It is black letter law that meaningful judicial review of a decision requires that the decision contain findings of fact sufficient to apprise the reviewing court of the decision's basis . . . ." *LaMarre v. Town of China*, 2021 ME 45, ¶ 6, 259 A.3d 764.  Here, the Board's decision states only that the Board is "satisf[ied]" with the information that New Cingular Wireless provided in its revised site plan.  The Board did not address the important question of the point or line from which the setbacks should be measured or make any findings that abutting residential structures are more than sixty-five feet from that point or line.  The Board's decision is therefore inadequate for appellate review.  *See id.* ¶¶ 6-7; *Sanborn*, 2007 ME 60, ¶¶ 14-16, 924 A.2d 1061.

[¶14]  Given the absence of findings sufficient for appellate review, we must remand the matter to the Board.  *Sanborn*, 2007 ME 60, ¶ 17, 924 A.2d 1061.  On remand, the Board must make factual findings regarding whether the project meets the setback requirements of the Ordinance and should explain

8

the bases for its findings, including where the setback measurements begin and

whether any residential structures are within the Ordinance's setback distance.

The entry is:

> Judgment vacated. Remanded to the Superior
> Court with instructions to remand to the Town
> of York Board of Appeals for further proceedings
> consistent with this opinion.

---

Patrick S. Bedard, Esq., Law Office of Patrick S. Bedard, P.C., Eliot, for appellant
Janet Drew and Linda Molda

Joseph C. Siviski, Esq., Perkins Thompson, P.A., Portland, for appellee New
Cingular Wireless PCS, LLC

Mary E. Costigan, Esq., Bernstein Shur, Portland, for appellee Town of York

York County Superior Court docket number AP-2024-18
FOR CLERK REFERENCE ONLY